State on relation of ELIJAH HEWLETT v. HENRY NUTT.

*Tax Upon Suits—Failure of Clerk to Account—Liability of Surety on Official Bond—Action for Penalty—Statute af Limitations—Parties.*

1. The tax prescribed by Rev. Code, ch. 28, § 4, on indictments, civil suits, &c., is not a tax within the meaning of the revenue act of 1858-'9, which repealed all taxes not therein imposed; nor is it a tax within the meaning of the constitution, Art. V, § 3, which requires taxes to be equal and uniform.

2. Such tax is not in violation of the constitution, Art. I, § 35.

.3. A Superior Court clerk, who collects taxes upon suits, to an amount unauthorized by law, is nevertheless bound to account for the same to the proper county officer; and a surety upon his official bond is liable for his failure to do so.

4. An action against a clerk for the penalty of $500, prescribed by Rev. Code, ch. 28, § 7, if not brought within one year, is barred by the statute of limitations under C. C. P., § 55.

.5. The county treasurer is the proper plaintiff in an action on the bond of a Superior Court clerk to recover money collected by him as taxes on suits.

CIVIL ACTION, tried at Spring Term, 1878, of NEW HANOVER Superior Court, before *Eure, J.*

This action was brought by the relator as treasurer of New Hanover county, against the defendant as surety upon

the bond of one James C. Mann, clerk of said Court. It was alleged that said clerk had failed to account to plaintiff in a certain sum due as a tax on sundry judgments rendered in civil actions in said Court. The material allegations in the complaint were denied, and the defendant pleaded the statute of limitations. The case was subsequently referred for an account, and the referee reported, that Mann was clerk of said Court from August 1869 to September 1874, and as such, during that period, in eighty civil actions, he taxed in the bill of costs, and collected the sum of two dollars in each case, and the same was received by him for the county treasurer, but not paid over to him.

Upon the pleadings and the facts as found, the Court gave judgment for the defendant, and the plaintiff appealed.

*Mr. D. L. Russell,* for plaintiff.
*Messrs. Merrimon, Fuller & Ashe,* for defendant.

READE, J. . " On every indictment or civil suit   *   *   * the parties convicted or cast shall pay a tax of one dollar, and in every suit in equity, a tax of two dollars·" Rev. Code, ch. 28, § 4. By the same statute, "all fines, amercements, forfeitures and taxes on suits," are appropriated for the purpose of defraying the costs of State prosecutions, and the contingent expenses of the county. And it is made the duty of the clerk to report all such taxes, fines, forfeitures and amercements, and to account and pay them over to the proper officer. Under this statute the clerk collected the amount of taxes on civil suits reported, and failed to account for or pay it over.

The defendant, who is surety for the clerk on his official bond, objects to paying the taxes on civil suits collected by the clerk :—

1. Because the statute under which he collected them

had been repealed, so that he did not collect them by virtue or under color.of his office, or by authority of law. The foundation for this defence is the general revenue act of 1858-'59, which repeals all taxes not therein imposed; and this being a tax on suits, it is repealed. This defence will not avail the defendant, because the tax on suits is not the kind of taxes embraced in that revenue act. Indeed it is not a tax at all in the sense that public taxes are understood. It is a part of the bill of costs taxed by the clerk to be paid by the unsuccessful party in every suit to pay the expenses of the Court, the aid of which he has wrongfully invoked at the public expense. The fact that it is called a *tax* makes no difference. Tax is a familiar and appropriate term in judicial proceedings. The fees of clerks, sheriffs, witnesses, referees, lawyers, are all taxes upon the losing party, and are "taxed" by the clerk as the costs. The Court orders the costs to be *taxed* by the clerk, and to be paid as taxed. A motion to retax a bill of costs is common. The statute directs costs to be *taxed* by the clerk. "The prevailing party shall be entitled to recover the fees of referees and witnesses, and other necessary disbursements to be *taxed* according to law." Bat. Rev., ch. 17, § 287. So an attorney's fee is taxed, and if an attorney take a larger "tax-fee" than allowed by law, he shall be indicted, &c. In the very case before us His Honor directed the plaintiff to pay the costs to be "taxed by the clerk." And one of the definitions of "tax" in Webster is,—"to assess, fix, or determine judicially, as the amount of costs on actions in Court; as the Court *taxes* bills of costs." We are of the opinion that the revenue act of 1858-'59, or any like act, does not embrace the tax in question on suits, unless specially mentioned.

2. The second ground of defence is that the statute in question is made void by our present constitution, which requires taxes to be equal and uniform. The answer is as

above, that this is not the kind of tax embraced in the constitution.

3. The third ground of defence is that the constitution requires that the Courts shall be open to suitors, and that its spirit is, that suits shall not be burdened; but that the power to tax is the power to destroy. This is an extreme position and if allowed would forbid any costs in suits at all. And besides, it· is not a tax on suits, but upon the losing party in a suit, and is not an unreasonable *penalty* for his false clamor. It will be observed that it is classed in the statute with fines, penalties and amercements.

4. The fourth ground of defence is that the tax on suits being without authority of law, the clerk collected them in his own wrong, and not by virtue or color of his office, and therefore the defendant, his surety, is not bound. This is answered by what we have said, that the statute authorizing the tax is in full force. But if it were not, the Courts would not patiently hear the defendant controvert the authority of a statute which he assumed to be in force, and under which he received money for the public, and refused to pay it over.

5. The fifth ground of defence is that the $500 penalty for not paying over is barred by the statute of limitations— one year. We are of the opinion that this objection is well taken. C. C. P., § 35.

6. The sixth ground of defence is that the clerk collected two dollars tax on each suit, whereas he ought only to have collected one dollar. We suppose this was done upon the idea that all actions are now " equity suits," upon which the tax was two dollars. How this is, we will not stop to inquire. The defendant clerk, *as clerk,* collected the tax by virtue of his office under a not unreasonable construction, which he put upon the statute, and it is just that the defendant should pay it.

7. She seventh ground of defence is that the county.

treasurer is not the proper person to sue. The statute expressly provides that the money shall be paid to him, and that he shall account for it. Bat. Rev., ch. 30, § 8. And the rule is that he to whom money is payable, may sue for it to compel payment. It is true that there is also a provision, § 9, that if the county officers who are required to pay the treasurer will not do so when he calls on them, which he is required to do at least twice a year, the treasurer shall report the facts to the board of commissioners, and they may sue. But this does not oust the treasurer of the right to sue if he chooses to do so.

The clerk of this Court will make the calculations from. the report of the referee and report, and there will be judgment here accordingly for the plaintiff. Clerk allowed $5.

Error.

PER CURIAM. Judgment reversed.