## W. H. BRAY v. W. D. BARNARD.

*Penalty—County Commissioners—Officer—Official Bonds—*
*Sheriffs—County Treasurer.*

1. The statutes—*The Code* §§ 1875 and 2070—requiring the officers therein designated to renew annually their official bonds, and that Sheriffs shall, in addition, produce receipts for the public moneys collected by them, and in default thereof it shall be the duty of the Board of County Commissioners to declare the office vacant, are intended to effectuate the same purpose, and therefore a member of the Board of County Commissioners is liable for only one penalty for failure to perform his duty in that connection.

2. It is not the imperative duty of the Board of County Commissioners to institute suits against a delinquent officer for failure to account and pay over public moneys. Under § 775, *The Code,* they may do so, but the County Treasurer is regularly the proper officer to bring such action; and in an action against a Commissioner for failure to perform his duty in that respect, it is necessary to allege and prove that the Commissioners negligently failed or wilfully refused to exercise their authority.

CIVIL ACTION, tried at Fall Term, 1891, of CURRITUCK Superior Court, *Brown, J.,* presiding.

The action is brought by plaintiff to recover from the defendant divers penalties, which the complaint alleges he incurred as a member of the Board of Commissioners of the county of Currituck by neglecting to perform his duty in numerous respects as such Commissioner. Among other things, it is alleged, as follows:

"5. That said Barnard, Sheriff as aforesaid, was required to renew his bonds annually, and on the 1st day of December, 1889, and produce his receipts as set out in § 2070 of *The Code* of North Carolina, which he failed to do, thereby creating a vacancy in said office of Sheriff of said county by act and operation of law, and the said Board of Commissioners, and the defendant, as a member thereof, was required

to fill said vacancy by appointment, as required by § 720 of *The Code* of North Carolina, which said Board, and this defendant, as a member thereof, failed and neglected to do in violation of said § 720 of said *Code*, and this defendant thereby became liable for the penalty of two hundred dollars, and indebted to this plaintiff for same, he having brought suit for same according to § 711 of *The Code* aforesaid.

8. That said John E. Barnard failed and neglected to make and renew his official bonds as Sheriff as aforesaid on the first Monday in December, 1889, as required by § 2070 of *The Code* of North Carolina, and the said Board, and the defendant, as a member thereof, failed and neglected to declare his office vacant and appoint his successor, as required by § 1875 of *The Code* of North Carolina, and by reason of said failure and negligence the defendant has become liable to a penalty of two hundred dollars and indebted to plaintiff in said amount, as provided by § 711 of said *Code*.

9. That said John E. Barnard, Sheriff as aforesaid, failed and refused to settle the taxes for the year 1888, and the Finance Committee of said county so reported to the Treasurer of said county and to said Board of Commissioners; that said Sheriff was in arrears the sum of $1,759.94, and that said Board, and this defendant, as a member thereof, failed and neglected to institute suit against said Barnard, Sheriff as aforesaid, and his bondsmen, as they were required to do, in violation of § 775 of *The Code* aforesaid, and thereby became liable to a penalty of two hundred dollars, and same is due this plaintiff, according to the previous § 711 of *The Code* of North Carolina."

The defendant "admitted the facts alleged in the complaint, but denied the inferences therein stated."

The plaintiff moved for judgment upon the pleadings. The Court denied this motion for judgment, for the penalties alleged and specified in paragraphs eight and nine of the

complaint above set forth, upon the ground that the penalty alleged in paragraph eight is substantially that alleged in paragraph five thereof, and upon the further ground that paragraph nine, above set forth, does not state facts sufficient to constitute a cause of action. The plaintiff excepted. As to these penalties, the Court gave judgment for the defendant, and the plaintiff appealed.

*Mr. E. F. Aydlett,* for plaintiff.
*Mr. W. B. Shaw,* for defendant.

MERRIMON, C. J.—after stating the case:   The statute (*The Code,* § 711) prescribes that "Any (County) Commissioner, who shall neglect to perform any duty required of him by law, as a member of the board, shall be guilty of a misdemeanor, and shall also be liable to a penalty of two hundred dollars for each offence, to be paid to any person who shall sue for the same."

The plaintiff contends, first, that the defendant incurred a penalty, under this statutory provision, because the Sheriff mentioned failed, for the year specified in the fifth paragraph of the complaint, to file the annual bonds required of him, and to produce receipts for moneys that he had collected, or ought to have collected, whereby his office became vacant, as prescribed by the statute (*The Code,* § 2070), and the defendant neglected to perform his duty as Commissioner, in that he and his associates did not proceed to fill the vacancy so occasioned by appointment, as prescribed and required by the statute (*The Code,* § 720), which provides, that "Whenever a vacancy shall occur in the office of Sheriff, Constable, Register of Deeds, County Treasurer or County Surveyor, the Board of Commissioners of the county shall fill the same by appointment." He contends, secondly, that the defendant incurred another penalty, as alleged in the eighth paragraph of the complaint, because the Board of Commissioners, the

defendant joining them, failed to declare the office of the Sheriff vacant for the causes alleged, as required by the statute (*The Code*, § 1875), which prescribes that "Upon the failure of any such officer (including Sheriff) to make such regular annual renewal of his bond, it is the duty of the Board of Commissioners, by an order to be entered of record, to declare his office vacant, and to proceed forthwith to appoint a successor," etc.

The Court below was of opinion, and held, that the duties of the Board of Commissioners of the county, prescribed by the statutory provision just cited, were substantially the same as those prescribed in the other statutory provision (*The Code*, § 2070) cited *supra*. In this, we think the Court was correct, in so far as these sections affect this case. They, as to the Sheriff, are intended to secure the same purpose, except that § 2070 enlarges the purpose so as to require the Sheriff, in addition to the renewal of his bonds annually, to " produce the receipts in full from the State Treasurer, County Treasurer, and other persons, of all moneys by him collected, or which ought to have been by him collected, for the use of the State and county, and for which he shall become accountable," etc. As to the Sheriff, in respect to the annual renewal of his bonds, the sections are in *pari materia* and mu-t be taken together—they are intended to effectuate the same purpose. It is not presumed that the Legislature intended to impose double penalties for the same failure of duty in a public officer. If it had so intended, it would have said so in explicit terms. The duty of the Board of Commissioners was to declare the office of Sheriff vacant and to fill the vacancy, when, and if, he failed to renew his bonds annually—the *same duty* is prescribed by the two sections of *The Code* just cited. In one of these sections the same duty arises if the Sheriff shall fail to produce the receipts mentioned as required. Under this section; if the Sheriff should fail to renew his bonds, it would be the duty

of the Board of Commissioners to declare his office vacant; if he renewed his bonds, and failed to produce the receipts mentioned, it would be their like duty; it would be their like duty if he failed to renew his bonds *and* to produce the receipts required. But, in the latter case, they would not be liable to two penalties. The purpose of the sections cited of the statute, is to compel the Board of Commissioners to perform their duty in declaring the office of Sheriff vacant and filling the vacancy in any one, or more, or all, of the contingencies specified therein. Only one penalty is given against each Commissioner composing the Board, if he fails to perform his duty in such respect. That penalty, in this case, the plaintiff recovered under and in pursuance of the allegations contained in the fifth paragraph of his complaint.

We are also of opinion that the Court properly decided that the ninth paragraph of the complaint set forth above fails to state facts sufficient to constitute a cause of action. The statute (*The Code,* § 775,) certainly does not make it the imperative duty of the Board of Commissioners of the county to " bring suit on the official bond of the Sheriff or other officer ; " it provides that they " may forthwith " do so. It is thus left to their sound discretion whether they will or not. There might be substantial reasons why they would not, and, moreover, they might be content to leave it to the County Treasurer to bring such suit, especially as, regularly, he is the proper officer to do so. *Hewlett* v. *Nutt,* 79 N. C., 263. The plaintiff claiming under this statutory provision should, at least, allege facts showing that the Board of Commissioners had negligently failed, or wilfully refused, to exercise their authority, and, hence, they had neglected to perform their duty as required by law. In such case, it may be that each of them, participating in such neglect, would incur the penalty prescribed.

Affirmed.