### J. M. CHILES v. THE UNITED STATES FURNITURE MANUFACTURING COMPANY.

(Filed 23 December, 1914.)

**Corporations — Officers — Compensation — Agreement in Advance—Trials— General Rule—Limitations to Rule—Evidence—Nonsuit.**

In an action brought by an officer against a corporation to recover for services rendered, it is error for the trial judge to nonsuit the plaintiff upon evidence tending to show that the corporation was composed of himself and two others, all of whom were elected officers, with the plaintiff as president, who met and decided that the plaintiff should enter the duties of salesman of the concern at a certain minimum salary, and that the services were accordingly rendered by the plaintiff, the recovery of which is the subject-matter of the action, for from evidence of this character an express promise in advance on the part of the defendant to pay for such services may be reasonably inferred, and presents an issue of fact to be determined by the jury. The principles of law limiting the more general rule that an officer of a corporation may not recover for services rendered when compensation therefor has not been authoritatively agreed upon in advance, etc., discussed by HOKE, J.

APPEAL by plaintiff from *Justice, J.,* at February Term, 1914, of BUNCOMBE.

Civil action to recover for value of services rendered by plaintiff for defendant. It appeared in evidence that plaintiff was president of defendant corporation and sued for his salary or wages of $500 per month, as due per contract for services in taking orders and making sales of furniture for defendant corporation.

At close of the testimony, on motion of defendant, there was judgment of nonsuit, and plaintiff excepted and appealed.

*Merrimon, Adams & Adams, Martin, Rollins & Wright for plaintiff. James H. Merrimon for defendant.*

HOKE, J. The cases on the subject very generally hold that an officer of a corporation, for services in the course and scope of his official duties, can only recover when compensation therefor has been authoritatively agreed upon in advance. It is not always required that a definite sum be fixed upon, but there must be a previous agreement for compensation existent or in some way expressed so as to bind the company. For such services there can be no recovery on a *quantum meruit,* as ordinarily understood and applied. *Caho v. R. R.,* 147 N. C., 20, and authorities cited.

There is a line of decisions to the effect that for services outside of an officer's regular duties he may recover for their reasonable value, but, so far as examined, the better considered cases only recognize this position when the services are rendered to the knowledge of the general officers of the company having a right to bind it by contract, or with the knowledge and approval of the directorate having such power, or of the stockholders when in the exercise of the control and management of corporate affairs and when the work is of a kind and under circumstances from which a promise and expectation of pay may be fairly inferred. *Fitzgerald v. Fitzgerald,* 137 U. S., 98; *Martindale v. Wilson Case Co.,* 134 Pa. St., 348; *Brown v. Ice Co.,* 113 Iowa, 615; *Taussig v. R. R.,* 166 Mo., 28; Cooke on Corporations (6 Ed.), sec. 657.

The correct principle is very well stated in the Missouri case as follows: "The rule applicable to such a case, to be deduced from the modern and best considered cases, is, we think, that a party, although a director or other officer of a corporation, may recover the reasonable value of necessary services rendered to a corporation, entirely outside of the line and scope of his duties as such director or officer, performed at the instance of its officers, whose powers are of a general character, upon an implied promise to pay for such services, when they were rendered under such circumstances as to raise a fair presumption that the parties intended and understood they were to be paid for or ought to have so intended and understood."

It is not required in the present case to say how far and under what circumstances this limitation on the more general principle shall be allowed to prevail in this State, for the reason that, in our opinion, there are facts in evidence from which an express promise to pay plaintiff can be reasonably inferred.

Plaintiff, a witness in his own behalf, among other things, testified: That the corporation was organized with plaintiff, a Mr. Gray, and Mr. Hoyt as stockholders; that plaintiff was made president, Mr. Gray vice president, and Mr. Hoyt secretary and treasurer; that at the meeting, in which all were present, it was decided that plaintiff should enter on the duties of salesman for the company and was to receive a minimum

salary of $6,000 per year or $500 per month, and a maximum of $13,000 per year; the first to prevail until witness, by his work, should demonstrate what he could do; that he entered on the performance of these duties on 1 January, 1907, and continued to work for the company until June or July, 1908; that his services were of great value to the company during that period, and, in further support of his claim that there was an express promise to pay, he showed the check books of the company, giving indication that he was paid $500 per month for several of the months while he was at work.

On this testimony, we are of opinion that the judgment of nonsuit is erroneous, and plaintiff is entitled to have his cause submitted to the jury.

Reversed.