WILLIAM FOUNTAIN v. COUNTY OF PITT.

(Filed 8 March, 1916.)

**1. Counties—Process—Pleadings—Commencement of Actions—Statutes.**

While Revisal, sec. 1310, provides that a county must be sued in its own name, the corporate powers and authority of the county are exercised by its board of commissioners, Revisal, sec. 1309; and where in an action by the county physician to recover for services alleged to have been rendered the county, the summons is issued to the board of commissioners of the county (Code, sec. 704), and the cause of action is unmistakably and plainly alleged against the county, and not personally against its individual commissioners, the cause of action will be taken as having commenced from the issuance of the summons. *Semble*, the wording in the summons as to the board of commissioners, preceding the name of the county, will be treated as surplusage.

**2. Same—Limitation of Actions.**

Where the summons against a county has been issued to the board of commissioners of the county, and the cause of action alleged is against the county, and the judge of the Superior Court has permitted an amendment, and process has been served upon the county by name (Revisal, sec. 1310), but after the time prescribed for bringing the action, the bar of the statute cannot be successfully pleaded if the summons to the commissioners of the named county has been served in time.

**3. Counties—Corporations—Contracts—Services Requested—Quantum Meruit.**

In plaintiff's action to recover for services alleged to have been rendered the county, the defendant's liability, as in other such actions against corporations, depends upon whether an express contract has been made by the parties, stating the compensation, in which event the recovery will be according to its terms and the facts established; or if the services had been requested, without stating compensation, it would be for their reasonable value, if rendered, as upon a *quantum meruit.*

APPEAL by plaintiff from *Bond, J.,* at September Term, 1915, of PITT.

Civil action. Plaintiff sued for an amount alleged to be due for professional services rendered the defendant in the years 1909, 1910, and 1911, as county physician, or superintendent of health and quarantine officer of the county. The action was originally entitled *William Fountain v. The Board of County Commissioners of the County of Pitt.* Defendant demurred to the complaint upon the ground that the action should have been against "The County of Pitt" or "Pitt County" in its corporate capacity as a county and not against the board of commissioners of the county of Pitt, as the complaint does not allege any personal liability of the commissioners, and they are not mentioned by their individual names, and that an action cannot be maintained against the board of commissioners of Pitt County, as this is not authorized

by law, as formerly. The court, *Judge Daniels* presiding, overruled the demurrer and directed that the county of Pitt be made a party. Summons issued for the county on 18 May, 1914.

Defendant reserved an exception to the overruling of the demurrer and answered the complaint, pleading that three years had elapsed from the accrual of the cause of action to 18 May, 1914, the date on which the summons was issued to the county of Pitt after the demurrer was overruled. The court was of the opinion that plaintiff's cause of action was barred by the statute of limitations, and entered judgment in favor of the defendant. Plaintiff appealed.

*F. M. Wooten for plaintiff.*
*S. J. Everett and Julius Brown for defendant.*

WALKER, J., after stating the case: It is evident from the pleadings in this case that the action was intended to be brought against the county of Pitt, and in the third ground of demurrer the defendant says that such was the intention. The plaintiff nowhere in the complaint alleged any cause of action against the board, but in the first section thereof he says that in May, 1909, he was duly elected to the position of superintendent of health and as quarantine officer for the "county of Pitt." There is no suggestion in the other sections of the complaint of any other liability than that of the county. Prior to the amendment by Revisal, sec. 1310, a suit for a claim due by a county was required to be brought against its board of commissioners, as Code, sec. 704, provided that a county should "sue and be sued in the name of the board of commissioners," while Revisal, sec. 1310, provides that a county must "sue and be sued in the name of the county." The corporate powers and authority of the county are exercised by the board of commissioners, Revisal, sec. 1309. The original summons was properly served on 18 April, 1912, and that service would have been just as good and valid if the suit had been, in form, one against the county of Pitt, *eo nomine.* While the process ran against the board, it is apparent from it, and from the pleadings, as we have shown, that the suit was in reality against the county, and in the body of the complaint the defendant is designated as "the county of Pitt." In addition to this consideration, the words, "the board of commissioners for," in the designation of the defendant as "the board of commissioners for the county of Pitt" may well be regarded as surplusage, and eliminated, which would leave only the name of the true defendant, the county of Pitt. Our statute in regard to amendments is very broad. "The judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleadings, process, or proceeding by adding or striking out the name of any party, *or by correcting a mistake in the name of a party, or a mistake in any other respect,* or by inserting other

allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the fact proved." The object of our present system of procedure is to try cases upon their merits, regardless of those technicalities which do not promote but defeat justice, at the same time preserving the substantial rights of parties. We do not think the plaintiff could reasonably have been misled in this case. Any one looking at the process and pleadings would not fail to understand that the county was the alleged debtor and was sued for the debt. Revisal, sec. 509, provides: "The court, or judge thereof, shall in every stage of the action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." But we put our decision on the broad ground that this was in effect, and from the beginning, an action against the county, and the misnaming of the defendant could not have misled the defendant as to the nature of the action or as to the party who was sued. *Judge Daniels* took the right view of the matter when he allowed the amendment. We do not think, though, that fresh process against the county was necessary to carry out that view. The original process had already been properly served and was sufficient to bring the county into court, and the amendment, as to the name, if necessary at all, was only so for the sake of conformity in process and pleadings.

It follows that there was error in the ruling as to the statute of limitations, for which a new trial is ordered.

Whether the plaintiff is entitled to recover on the merits we cannot determine as the complaint is now drawn. The facts disclosed by the evidence must settle that question. We have mentioned the subject for the purpose of referring to several authorities upon the liability of a corporation for extra services of an officer or employee, who in this case received a salary, where there was no express contract for his compensation, or no request that the services be rendered. When there is an express contract, the party will recover according to its terms, and where there is a request for services he may recover, as upon a *quantum meruit,* for their reasonable value, if they are rendered. Where there is no such contract or request the general rule is that the corporation is not liable. *Copple v. Comrs.,* 138 N. C., 127; *Caho v. R. R.,* 147 N. C., 20; *Chiles v. Mfg. Co.,* 167 N. C., 574. Attention is called, in the case last cited, to a limitation of the general rule, as laid down in *Taussig v. R. R.,* 166. Mo., 28. We cannot, of course, decide what the law is upon the facts of this case until they are fully disclosed.

The demurrer was properly overruled. There was error in the ruling as to the statute of limitations.

Error.