HENRY W. CABE ET AL. v. BOARD OF ALDERMEN OF FRANKLIN ET AL.

(Filed 21 March, 1923.)

**1. Municipal Corporations—Cities and Towns—Governmental Agencies— Legislative Control—Taxation.**

Municipal corporations, including incorporated cities and towns to a large extent, are simply agencies of the State, constituted for the convenience of local administrations in certain parts of the State's territory; and in the exercise of ordinary governmental functions they are subjected to almost unlimited legislative control; and where not affected by special constitutional provisions, this position extends to the imposition of taxes raised for ordinary governmental purposes.

**2. Same — Bonds — Diversion of Funds—Municipal Buildings—Water System.**

The expenditure of the proceeds of the sale of the bonds of an incorporated town for the purpose of erecting a suitable municipal building for its offices, etc., and the expenditure of money for the extension of its waterworks system, are each for ordinary current expenses, not requiring a vote of the people; and where the act authorizing the issuance of bonds for the erection of the municipal building provides that the holders of the bonds are not required or charged with the duty of seeing to the application of the funds, the diversion of the money on hand derived from the sale of the bonds by the proper municipal authorities to the extension of the waterworks system, under statutory authority, does not contravene any constitutional provision or interfere with any private interest.

**3. Same—Constitutional Law—Captions to Acts.**

The provisions of our Constitution, Art. V, requiring that every act of the General Assembly levying a tax shall state the special object to which it shall be applied, and it shall be applied to no other purpose, does not extend to taxes levied by counties or incorporated cities or towns for general municipal purposes.

**4. Same.**

Where a valid issue of bonds under the approval of a majority of the qualified voters of an incorporated town was for the purpose of erecting or providing for its municipal building, with the coöperation of the county commissioners or a county memorial association, and upon the failure of this coöperation it was determined by the proper municipal authorities that the amount be inadequate and its expenditure alone for the purpose wasteful: *Held,* the proper authorities of the town, acting with legislative sanction, may divert the proceeds from the sale of the bonds remaining in the town treasury to the extension or enlargement of its waterworks system.

CIVIL ACTION, heard on case agreed, before *Lane, J.,* and by consent, at Waynesville, N. C., 17 February, 1923.

The action is to restrain the defendant board of aldermen of Franklin from diverting $10,000, proceeds of city bonds, now held in the municipal treasury, to other and different purposes from that contemplated and specified when the bonds were issued and sold.

On the hearing it was properly made to appear that under an act of the General Assembly, Public Laws, Extra Session, 1921, ch. 99, the board of aldermen issued and sold the bonds of the town of Franklin in the sum of $10,000 for the purpose of erecting or providing a municipal building for the town, and the proceeds of such bonds are now in the municipal treasury. That when this scheme was entered upon it was the plan and purpose of the municipal government to provide a building for public municipal purposes in conjunction with the county board of commissioners of Macon County, or with the Macon County Memorial Association, and by virtue of the proposed coöperation there was a reasonable assurance that the amount of $10,000 would suffice. That the plans for coöperation with the county and memorial association having miscarried, and it appearing that the $10,000 was insufficient to provide commodious quarters for municipal purposes, and that the amount required would at present be an extravagant and unjustified expenditure, the General Assembly of 1923 passed an act authorizing the board to apply said funds in their discretion to the following purposes:

1. The erection of a municipal building and firehouse as originally planned.

2. The erection of a firehouse.

3. The extension or enlargement of the waterworks system.

4. The extension of the sidewalks and streets of the town.

That pursuant to authority so conferred, the board of aldermen, deeming it inexpedient at present to go on with the municipal building, by formal resolution determined that an amount of said fund not to exceed $5,000 be and same is hereby diverted from the original purpose, and same be used to enlarge and extend the waterworks of the town. That plaintiffs and other citizens and taxpayers of the town being doubtful of the power to divert the funds, instituted the present action to restrain the proposed diversion.

The court, being of opinion that on the facts presented and under the legislative authority conferred, as above stated, the proposed diversion was lawful, so entered judgment that defendants go without day, and plaintiffs, having duly excepted, appealed.

*Henry G. Robertson for plaintiff.*
*J. Frank Ray for defendants.*

HOKE, J.   The decisions of this State have repeatedly recognized and approved the principle that counties, townships, and other like municipal corporations, and to a large extent cities and towns, are simply agencies of the State constituted for the convenience of local administration in certain portions of the State's territory, and that in the exercise of ordinary governmental functions they are subject to almost unlimited legislative control, the position extending to the imposition and expenditure of taxes raised for ordinary governmental purposes, and where not affected by special constitutional provisions. *Trustees v. Webb,* 155 N. C., 379; *Jones v. Comrs. Madison County,* 137 N. C., 579-596; *Crocker v. Moore,* 140 N. C., 429; *Jones v. Comrs.,* 143 N. C., 59; *White v. Comrs.,* 90 N. C., 441; *Mills v. Williams,* 33 N. C., 558.

In the present instance it appears that the purpose for which these bonds were issued and sold, and that to which the proceeds are to be now applied are for ordinary current expenses, not requiring a vote of the people, and the original act contains the provision that the holders of these bonds are in no way required or charged with the duty of seeing to the application of the funds, so that there is no interfering constitutional provision, nor is there any private interest to be considered, the bonds being undoubtedly valid obligations of the town.  *Hightower v. Raleigh,* 150 N. C., 569; *Tate v. Comrs.,* 122 N. C., 812.

True, we have held that without legislative sanction a municipal government may not of its own motion divert governmental funds from the purposes specified by the statutes under which they have been raised. *Comrs. v. Comrs.,* 184 N. C., 463.  But here there is a valid statute authorizing the proposed diversion, and no reason occurs to us why it should not be upheld.  Authority, too, here and elsewhere, is in full support of the measure.  *Parker v. Comrs.,* 178 N. C., 92; *Brown v. Comrs.,* 100 N. C., 92; *Long v. Comrs.,* 76 N. C., 273; *Yamhill Co. v. Foster,* 53 Oregon, 124; 37 Cyc., 1588; 27 A. & E. (2 ed.), p. 868.

In the *Parker case, supra,* it is pointed out that our constitutional provision, Article V, section 7, requiring that "every act of the General Assembly levying a tax shall state the special object to which it shall be applied, and it shall be applied to no other purpose" does not include or extend to taxes levied by counties, etc., for municipal purposes, citing *Parker v. Comrs.,* 104 N. C., 166.

There is no error, and the judgment of the Superior Court is
Affirmed.