J. MARVIN JOHNSON, AUDITOR OF JOHNSTON COUNTY, AND J. NARVIN CREECH, TREASURER OF JOHNSTON COUNTY, v. H. B. MARROW, SECRETARY, AND W. H. CALL, CHAIRMAN, RESPECTIVELY OF THE BOARD OF EDUCATION OF JOHNSTON COUNTY.

(Filed 15 October, 1947.)

**1. Counties § 31—**

In the absence of a refusal of the Board of Commissioners of a county to institute an action in its behalf, the action must be instituted in the name of the county or on relation of the county. G. S., 155-18, G. S., 153-2 (1).

**2. Counties § 9½—**

Ordinarily the County Treasurer is the proper custodian of all sinking fund securities, including school sinking funds and securities held for the retirement of term bonds where the county has assumed the payment of such bonds, G. S., 115-240, but the General Assembly may designate or change the custodian of sinking fund securities. Chap. 19, Session Laws of 1947, makes the Board of Education of Johnston County custodian of school sinking funds of the county.

**3. Counties § 11—**

Although the General Assembly cannot authorize a diversion of a county's sinking funds which are necessary to pay outstanding sinking fund bonds, it can direct the expenditure of surplus unencumbered sinking funds, provided the expenditure is for a public purpose. Constitution of N. C., Art. II, Sec. 30.

**4. Counties §§ 9½, 10, 11—Surplus in school sinking fund held for capital improvements is subject to County Fiscal Control Act.**

A county had an unencumbered surplus in its school sinking fund, invested in securities, including unmatured serial school bonds of the county. By special act (Chap. 19, Session Laws of 1947) the Board of Education was made custodian of the sinking fund and the surplus was directed to be used only for the construction, alteration, repair or additions to the public schools of the county. *Held:* Such surplus is subject to the County Fiscal Control Act, and the Board of County Commissioners is charged with the duty to determine what expenditures will be made for such purposes, G. S., 115-83, and the surplus should be taken into consideration by it in the preparation and adoption of future budget and the levy of taxes therefor. G. S., 153-114, to G. S., 153-142.

APPEAL by plaintiffs from *Harris, J.,* at April Term, 1947, of JOHNSTON.

Plaintiffs seek a writ of *mandamus* to compel the defendants to surrender certain securities now held by them. By order of court the Board of Education of Johnston County was made a party defendant.

It is alleged that the Auditor of Johnston County was, by order of the Board of Commissioners of Johnston County, designated as co-trustee

with the Treasurer of said county for all stocks and bonds belonging to Johnston County and its various departments of government which the said Treasurer held or to which he was entitled to hold as custodian.

The defendants used school debt service funds obtained for Sinking Fund purposes and retired all the school sinking fund bonds heretofore issued by Johnston County. In addition to retiring the above bonds, the defendants purchased in excess of requirements, securities out of debt service funds at a cost of $131,889.33, having a par value of $145,000.00. Of these securities, $71,500.00 par value thereof are unmatured serial school bonds of Johnston County; $67,500.00 par value thereof are obligations of Johnston County, and the remaining $6,000.00 par value thereof are bonds issued by the Town of Smithfield.

The defendants admit that these securities are not needed to retire any bonds for which the Sinking Fund was set up, but allege that such securities are assets of the Board of Education of Johnston County.

After the institution of this action, 23 January, 1947, the General Assembly enacted Chapter 19, Session Laws of 1947, which was ratified 31 January, 1947. This Act, after reciting certain acts of the Board of Education of Johnston County, further states in the preamble that: "All of the school sinking fund bonds heretofore issued by Johnston County have been fully paid and discharged and the funds and securities now on hand should be made available for the purpose of creating a capital reserve fund to be used in making repairs, alterations and additions to the school buildings in said county." Whereupon the General Assembly enacted the following:

"Section 1. That the Board of Education of Johnston County is hereby authorized and empowered to keep in its control and custody the bonds and securities acquired by it for the school sinking funds of said county, until such time as said securities can be advantageously converted into cash. That said board of education shall continue to keep the said securities in a safety deposit box, subject to the joint control of the chairman and secretary of the said board and such audit as shall be made from time to time by the board of commissioners of said county. That the board of education shall forthwith, upon the sale of said securities or any part thereof, pay into the county treasury of Johnston County the proceeds of such sales. That the said bonds and securities and the funds derived from any sale or sales thereof, when paid into the hands of the Treasurer of Johnston County, shall continue and remain the funds to be used by the Board of Education of Johnston County, upon budgets approved by the board of commissioners of such county and the State Board of Education, for the construction, alteration, repair or addition to the public school buildings of said county, and shall be used for no other purpose. In the event the Board of Commissioners of Johnston

County shall, in the exercise of its discretion, deem it advisable to require the chairman and secretary of the board of education to furnish a bond for the faithful performance of their duties as joint custodians of said bonds and securities, such bond shall be provided and the cost thereof paid from the proceeds of said sinking funds.

"Sec. 2.   That all the acts and transactions of the Board of Education of Johnston County, with respect to the handling of the said sinking funds as recited in the preamble to this Act, are hereby ratified and validated."

This cause came on for hearing on the questions of law raised by the pleadings and his Honor held that the plaintiffs do not have the capacity to institute and maintain this action, for that the same is not brought upon the relation of, or by the authority of the Board of Commissioners of Johnston County, and that the writ of *mandamus* does not lie.

The court further held that the above Act passed by the General Assembly of 1947, is constitutional and completely disposes of this cause of action.   Thereupon the court dissolved the restraining order heretofore issued herein, denied the writ of *mandamus* and taxed the costs of the action against the plaintiffs.

Plaintiffs appeal, assigning errors.

*Leon G. Stevens and Wellons & Canady for plaintiffs.*
*Abell, Shepard & Wood for defendants.*

DENNY, J.   The plaintiffs insist the court below committed error in holding they were not the proper officials to institute an action for the custody of the securities involved herein.   The plaintiffs are relying on Section 775, The Code (now G. S., 155-18); *Hewlett v. Nutt,* 79 N. C., 263, and *Bray v. Barnard,* 109 N. C., 44, 13 S. E., 729.   However, in view of the provisions contained in G. S., 153-2 (1), which authorizes a county "To sue and be sued in the name of the County," we think in the absence of a refusal of the Board of Commissioners to institute such action, it should have been brought on relation of Johnston County or by Johnston County.   Where a county is the real party in interest, it must sue and be sued in its name.   *Lenoir County v. Crabtree,* 158 N. C., 357, 74 S. E., 105; *Fountain v. Pitt County,* 171 N. C., 113, 87 S. E., 990.

In the absence of a statute to the contrary, ordinarily the County Treasurer is the proper custodian of all county sinking fund securities, including school sinking funds and securities held for the retirement of term bonds, where the county has assumed the payment of such bonds. G. S., 115-240.

However, the Act of the General Assembly referred to above authorizes the Board of Education of Johnston County to keep in its control and

custody the securities in question and to hold them for certain purposes, to wit: "For the construction, alteration, repair or addition to the public school buildings of said County, and . . . for no other purpose." We know of no limitation on the power of the General Assembly to designate or change the custodian of sinking fund securities, or to direct the expenditure of surplus school funds so long as the authorized expenditure is for a public purpose. If school bonds of Johnston County were outstanding and unpaid for which this sinking fund was created, the General Assembly could not authorize a diversion of the funds. Const. of N. C., Art. II, Sec. 30. But it is admitted by the plaintiffs and the defendants that these securities represent an unencumbered school sinking fund surplus.

Without the legislative sanction contained in the special statute passed by the General Assembly of 1947, this surplus would belong to the school debt service fund of Johnston County and the Board of Commissioners of Johnston County would have the right to its exclusive control. *Cabe v. Alderman,* 185 N. C., 158, 116 S. E., 419; *Parker v. Commissioners,* 178 N. C., 92, 100 S. E., 244. However, this Act in no wise divests the Board of Commissioners of Johnston of the right to use this surplus or so much thereof as may be necessary to meet the full budget requirements of Johnston County for the erection, repair and equipment of school buildings, as provided in G. S., 115-83. And this surplus should be taken into consideration by the Board of Commissioners of Johnston County in the preparation and adoption of future budgets and the levy of taxes therefor, as provided in the "County Fiscal Control Act." G. S., 153-114 to 153-142. The law does not contemplate or authorize the accumulation of a surplus such as has been created here and the exemption of such surplus from the salutary provisions of the "County Fiscal Control Act."

While it is stated in the preamble of the 1947 Special Act "The funds and securities now on hand should be made available for the purpose of creating a capital reserve fund to be used in making repairs, alterations and additions to the school buildings in said County," the Act itself directs that the funds shall be used only "For the construction, alteration, repair or addition to the public school buildings of said County." Moreover, under the terms of the Act, the expenditure of these funds is limited to such expenditures as may be authorized in duly adopted budgets.

The Board of Commissioners of Johnston County, and not the Board of Education of Johnston County, is charged with the duty to determine what expenditures shall be made for the erection, repair and equipment of school buildings in said county. G. S., 115-83. And upon the facts disclosed on this record, Johnston County did have a meritorious cause of action against the defendants at the time this proceeding was insti-

tuted; but for the reasons stated herein, the plaintiffs are not entitled to a writ of *mandamus,* and the judgment of the court below is
Affirmed.