WILLIAM S. PILAND, PATRICIA P. PILAND, EUNICE CASTELOW, RUPERT E. LIVERMAN, RICHARD O. LIVERMAN, ALAN BAZEMORE, RAYMOND BATTON, LINDA BATTON, EARNEST CASTELOW, NELDA CASTELOW, TILGHMAN PHELPS, JR., WILLIAM E. BAZEMORE, FREDDIE STEVENS, BARBARA STEVENS, FRANCES CALLIS, R.V. CASTELLOE, WILLIAM COMBO, JOHNNY POWELL, E.P. BURBY AND DAWN BURBY, PLAINTIFFS v. HERTFORD COUNTY BOARD OF COMMISSIONERS, DEFENDANT

No. COA99-1173

(Filed 29 December 2000)

**Pleadings— amended complaint—new party—no relation back**

The trial court erred in a zoning case by denying defendant Board of Commissioners' motion to dismiss under N.C.G.S. § 1A-1, Rules 12(b)(1), (2), (4), (6), and (7) based on plaintiffs' error in bringing the suit against the Board of Commissioners rather than Hertford County and plaintiffs' attempts to amend the

complaint to substitute the county as the named defendant instead of the Board of Commissioners after the statute of limitations under N.C.G.S. § 1-54.1 had run, because: (1) the notice requirement of N.C.G.S. § 1A-1, Rule 15(c) cannot be met where an amendment has the effect of adding a new party to the action as opposed to correcting a misnomer; and (2) a county is a separate and distinct entity from its board of commissioners.

Appeal by plaintiffs and cross-appeal by defendant from judgment entered 10 June 1999 by Judge James E. Ragan, III, in Superior Court, Hertford County. Heard in the Court of Appeals 25 August 2000.

*The Brough Law Firm, by Michael B. Brough and Robert E. Hornik, Jr., for plaintiffs-appellants-cross appellees.*

*Smith, Helms, Mulliss & Moore, L.L.P., by James G. Exum, Jr. and Robert R. Marcus, and Revelle, Burleson, Lee & Revelle by Charles L. Revelle, III, for defendant-appellee-cross appellant.*

WYNN, Judge.

On 5 October 1998, the Hertford County Board of Commissioners held a public hearing following which it voted unanimously to rezone a 1,600 acre tract of undeveloped land located along the southern shore of the Chowan River east of Tunis. Before the rezoning, a portion of the property was zoned RA-20 (residential and agricultural use); and, the remainder of the property was zoned RR&C (residential and recreational use).

At the public hearing, the Board of Commissioners voted to rezone the property from RA-20 and RR&C to IH (heavy industrial use). The land lying to the west of the property is also zoned IH. At the same public hearing, the Board of Commissioners also voted to amend certain sections of the municipal zoning ordinance to allow steel mills and recycling facilities, in addition to related uses, within the IH zoning district.

On 4 December 1998, the plaintiffs brought an action against the Board of Commissioners challenging the rezoning of the property and the amending of the zoning ordinance. The Board of Commissioners answered the complaint on 7 January 1999; and on 5 February 1999, it moved to dismiss the action under Rules 12(b)(1), (2), (4), (6) and (7) on grounds that, among other things, the plaintiffs failed to name

or serve Hertford County as a defendant. *See* N.C.R. Civ. P. 12(b)(1), (2), (4), (6) and (7) (1990). In its motion to dismiss, the Board of Commissioners asserted that it was not a proper defendant, that Hertford County was the proper defendant, and that the complaint could not be amended to add or substitute Hertford County as a defendant as the two-month statute of limitations by that time had run.

On 15 February 1999, the plaintiffs moved to amend the summons and complaint by substituting "Hertford County" as the named defendant in place of the Board of Commissioners. On 4 and 5 May 1999, the Board of Commissioners and plaintiffs, respectively, moved for summary judgment.

On 10 June 1999, Superior Court Judge James E. Ragan, III entered an order (1) denying the Board of Commissioners' motion to dismiss, (2) denying the plaintiffs' motion for summary judgment, and (3) granting the Board of Commissioners' motion for summary judgment. It does not appear from the record on appeal that the trial court ever ruled on the plaintiffs' motion to amend the summons and complaint. From the 10 June 1999 order, plaintiffs appeal and the Board of Commissioners cross-appeals.

On appeal, we consider only the Board of Commissioners' cross-appeal as its disposition precludes us from considering the plaintiffs' appeal.

The Board of Commissioners asserts that the trial court erred in denying its motion to dismiss under N.C.R. Civ. P. 12(b)(1), (2), (4), (6) and (7). It contends that Hertford County, rather than the Board of Commissioners, was the only proper defendant to this action, and that it was error for the plaintiffs to bring the action solely against the Board of Commissioners. Furthermore, the Board of Commissioners argues that the plaintiffs' attempts to amend the complaint to substitute the county as the named defendant were ineffective as they occurred after the statute of limitations had run. The Board of Commissioners contends that the amendment could not relate back to the original complaint so as to circumvent the statute of limitations. Because the cause of action against the county was time-barred, the Board of Commissioners argues that the trial court erred in denying its motion to dismiss. We must agree.

N.C. Gen. Stat. § 153A-11 states in relevant part that "[t]he inhabitants of each county are a body politic and corporate . . . . Under that

name they . . . may sue and be sued . . . ." N.C. Gen. Stat. § 153A-11 (1991). In *Fountain v. Board of Comm'rs of Pitt County*, 171 N.C. 113, 87 S.E. 990 (1916), our Supreme Court considered Revisal 1905, § 1310 of the North Carolina General Statutes, a predecessor to the above-quoted language from N.C. Gen. Stat. § 153A-11, stating:

> Prior to the amendment by Revisal, § 1310, a suit, for a claim due by a county was required to be brought against its board of commissioners, as Code, § 704, provided that a county should "sue and be sued in the name of the board of commissioners," while Revisal, § 1310, provides that a county must "sue and be sued in the name of the county."

*Id.* at 114, 87 S.E. at 991-92. Thereafter, in *Johnson v. Marrow*, 228 N.C. 58, 44 S.E.2d 468 (1947), our Supreme Court stated that "[w]here a county is the real party in interest, it must sue and be sued in its name." *Id.* at 59, 44 S.E.2d at 470 (citing *Lenoir County v. Crabtree*, 158 N.C. 357, 74 S.E. 105 (1912); *Fountain*, 171 N.C. 113, 87 S.E. 990).

Undoubtedly, the real party in interest in this case is Hertford County, not the Board of Commissioners. The plaintiffs acknowledged as much by seeking to amend their complaint in the wake of the Board of Commissioners' motion to dismiss to substitute Hertford County as the named defendant, despite the plaintiffs' subsequent contentions that the amendment was filed merely out of an abundance of caution. The question then is whether the defect in the complaint by naming the Board of Commissioners as the defendant instead of Hertford County was sufficient to bar recovery by the plaintiffs and thereby support the defendant's motion to dismiss, or whether the defect was merely technical in nature and thereby subject to remedy.

In *Fountain*, the plaintiff brought a contract action against "The Board of County Commissioners of the County of Pitt." 171 N.C. 113, 87 S.E. 990. The defendant demurred to the complaint on grounds that the complaint should have been against the county itself rather than the board of commissioners, as the complaint alleged no personal liability of the commissioners. The defendant maintained that an action against the county commissioners was not authorized by law. The trial court overruled the demurrer and ordered that Pitt County be made a party. Following the issuance of a new summons naming the county as a defendant, the trial court entered judgment for the defendant county because the new summons was issued after the statute of limitations had run on the cause of action.

On appeal by the plaintiff, our Supreme Court noted that the county was indeed the proper party to be sued rather than the board of commissioners; nonetheless, the Court reversed the trial court's decision to dismiss the complaint as time-barred. *Id.* at 114-15, 87 S.E. at 992. In doing so, the Court noted that it was readily apparent from the pleadings, as well as the body of the original complaint itself, that the suit was in reality against the county instead of the board of commissioners. *Id.* at 115, 87 S.E. at 992. The original summons, while naming the wrong defendant, was properly served prior to the running of the statute of limitations, and "would have been just as good and valid if the suit had been, in form, one against the county of Pitt, *eo nomine*." *Id.* at 114, 87 S.E. at 992. The Court also noted that the body of the complaint referred to the defendant as "the county of Pitt." *Id.* The Court therefore determined that the phrase "the Board of County Commissioners of" in the caption of the complaint was mere surplusage which, if eliminated, would leave only the name of the true defendant, the county. *Id.* The Court held that the trial court, under the statute, had broad power to amend any pleading in furtherance of justice, "by adding or striking out the name of any party or by correcting a mistake in the name of a party." *Id.* The amendment to the complaint was therefore proper, as "the misnaming of the defendant could not have misled the defendant as to the nature of the action or the party who was sued." *Id.* at 115, 87 S.E. at 992. Furthermore, the Court found it unnecessary to serve fresh process on the county under the circumstances, as the original process was properly served and was adequate to bring the county into court. *Id.* The Court effectively allowed the amendment to relate back to the original complaint, which allowed the Court to work around the statute of limitations and permit the action to proceed against the county.

While the broad statutory power to amend cited by the Court in *Fountain* no longer exists, our current Rules of Civil Procedure allow for discretionary amendments to pleadings by leave of court "when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (1990). As this Court stated in *Thorpe v. Wilson*, 58 N.C. App. 292, 293 S.E.2d 675 (1982), in allowing a similar name change:

"Names are to designate person, and where the identity is certain a variance in the name is immaterial." *Patterson v. Walton*, 119 N.C. 500, 501, 26 S.E. 43, 43 (1896). Errors or defects in the pleadings not affecting substantial rights are to be disregarded. *Id.* If, as here, the effect of amendment is merely

to correct the name of a person already in court, there is no prejudice.

*Id.* at 297, 293 S.E.2d at 679. Thus, the trial court in its discretion could have properly allowed the plaintiff to amend its complaint to substitute the county as the named defendant instead of the Board of Commissioners, if it found that justice so required. However, as noted previously the record on appeal is silent as to any ruling by the trial court on the plaintiffs' motion to amend the summons and complaint.

Having determined that the county was the proper party defendant in the cause of action, and assuming *arguendo* that the trial court exercised its discretionary power and granted the plaintiffs' motion to amend the complaint, we must determine whether such amendment to the complaint substituting the county as the party-defendant could have related back to the original complaint, and thereby circumvented the statute of limitations. We find that it could not.

We first note that the plaintiffs' original complaint was filed on the last date on which they could file a timely complaint. Unless the plaintiffs' amendment is permitted to relate back to the date of the original complaint, the statute of limitations therefore operates as a defense for the defendant and bars the plaintiffs' claims against the county. *See* N.C. Gen. Stat. § 1-54.1 (1996) (imposing a two-month statute of limitations for commencing an action contesting the validity of a zoning ordinance or amendment adopted by a county).

In *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 (1995), our Supreme Court specifically held that an amendment to a pleading changing the name of a party-defendant could not relate back to the filing of the original complaint. Construing the relation back rule, N.C. Gen. Stat. § 1A-1, Rule 15(c) (1990), the Court stated:

[Rule 15(c)] speaks of *claims* and allows the relation back of claims if the original claim gives notice of the transactions or occurrences to be proved pursuant to the amended pleading. *When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur.* As a matter of course, the original claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed. *We hold that [Rule 15(c)] does not apply to the naming of a new party-defendant to the action.*

*It is not authority for the relation back of a claim against a new party.*

*Id.* at 187, 459 S.E.2d at 717 (emphasis added).

In subsequent cases, this Court has construed the *Crossman* decision to mean that Rule 15(c) is not authority for the relation back of claims against a new party, but *may* allow for the relation back of an amendment to correct a mere misnomer. In *White v. Crisp*, 138 N.C. App. 516, 530 S.E.2d 87 (2000), this Court held that a plaintiff's attempts to amend her personal injury suit to name a defendant in his individual, rather than official, capacity did not relate back to the filing of the original claim, and thus the suit was time-barred. 138 N.C. App. at 521, 530 S.E.2d at 90. In *Bob Killian Tire, Inc. v. Day Enters., Inc.*, 131 N.C. App. 330, 506 S.E.2d 752 (1998), we stated that "[t]he notice requirement of Rule 15(c) cannot be met where an amendment has the effect of adding a new party to the action, *as opposed to correcting a misnomer.*" *Id.* at 331, 506 S.E.2d at 753 (emphasis added). There, we rejected the plaintiff's argument that it never intended to add a new party but instead sought only to correct an inaccurate description, and that its intent to sue the proper defendant was evident from the original complaint, stating that the "plaintiff's intent . . . is not dispositive." *Id.* at 332, 506 S.E.2d at 754. Finding that the plaintiff sought to add a new party-defendant rather than correct a misnomer, we declined to allow the amendment to relate back under Rule 15(c). *Id.* at 333, 506 S.E.2d at 754.

In *Wicker v. Holland*, 128 N.C. App. 524, 495 S.E.2d 398 (1998), the plaintiff had sued several individuals for negligence resulting in property damage arising out of work performed by Boles Paving, Inc. Boles Paving, Inc. was not named as a party-defendant in the original complaint, but a third-party complaint and a cross-claim were filed against Boles Paving, Inc. by the individual defendants, thereby providing notice to Boles Paving, Inc. of the claims. *Id.* at 526, 495 S.E.2d at 399-400. Following the running of the statute of limitations, the plaintiff sought to amend her pleading to designate Boles Paving, Inc. as a defendant to the original complaint in order to allow relation back under Rule 15(c). *Id.* at 526, 495 S.E.2d at 400. The trial court denied the motion to amend and we affirmed, rejecting the plaintiff's argument that Boles Paving, Inc. already had notice of the claim and would suffer no prejudice by being designated a party-defendant. *Id.* at 527, 495 S.E.2d at 400. We stated that "[t]his argument is irrelevant under *Crossman*'s analysis of the limited reach of Rule 15(c). [The

plaintiff] sought to add a party, and such action is not authorized by the rule." *Id.*

In the present case, the plaintiffs' original complaint and summons names the Board of Commissioners as defendant. While there is no dispute that Hertford County had notice of the claim prior to the running of the statute of limitations, such notice is irrelevant pursuant to our holding in *Wicker*. Instead, under our holding in *Killian Tire*, the question becomes whether the plaintiffs' amendment had the effect of adding a new party-defendant or merely corrected a misnomer in the original complaint.

N.C. Gen. Stat. § 153A-12 provides in relevant part that "[e]xcept as otherwise directed by law, each power, right, duty, function, privilege and immunity of the [county] shall be exercised by the board of commissioners." N.C. Gen. Stat. § 153A-12 (1991). While the Board of Commissioners is statutorily vested with the power to exercise powers and rights on behalf of the county, this is much like a board of directors acting on behalf of a corporation. The corporation, being merely a legal instrumentality, is incapable of acting on its own behalf, and the board is therefore required to exercise the corporate powers. The corporate body is therefore separate and distinct from its board of directors, and a county is likewise an entity separate and distinct from its board of commissioners.

The plaintiffs contend that their amendment merely seeks to correct a misnomer reflected in the original complaint. *See McLean v. Matheny*, 240 N.C. 785, 84 S.E.2d 190 (1954) (stating that amendments to cure a misnomer in pleadings will ordinarily be allowed "where the proper party is before the court, although under a wrong name"); *Wiles v. Welparnel Construction Co.*, 295 N.C. 81, 243 S.E.2d 756 (1978) (holding that a summons is adequate even though addressed to a corporation's agent instead of the corporation, where it is clear from the caption of the summons and the complaint that it is the corporation, rather than the agent, being sued); *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912 (1984) (holding that the court's discretionary power to allow amendments extends to amendments to correct a misnomer or mistake in the name of a party in a summons or complaint, but not to substitute or change a party entirely).

We note that the cases cited by the plaintiff all pre-date our Supreme Court's decision in *Crossman*, and that *Crossman* and its progeny have redefined the standard for what constitutes a misnomer for purposes of the relation-back rule. We are unaware of any case in

our courts decided post-*Crossman* which has allowed an amendment effecting a name change of any sort to relate back to the original complaint. In *Crossman*, the plaintiff originally named Van Dolan Moore as a party-defendant in a personal injury action arising out of an automobile accident, even though it was his son, Van Dolan Moore, II, who was the driver involved in the accident. 341 N.C. at 186, 459 S.E.2d at 716. The accident report completed by the police officer incorrectly named Van Dolan Moore as the driver, although it listed Van Dolan Moore, II's driver license number. *See Crossman v. Moore*, 115 N.C. App. 372, 444 S.E.2d 630 (1994) ("*Crossman I*"). Upon learning that Van Dolan Moore, II was actually the driver involved, the plaintiff moved to amend her complaint and sought a ruling that the amendment would relate back to the original complaint, thereby avoiding a statute of limitations defense. *Crossman*, 341 N.C. at 186, 459 S.E.2d at 716. Our Supreme Court affirmed the trial court's refusal to allow the relation back of the amendment on grounds that Rule 15(c) does not apply to amendments adding or substituting a party-defendant. *Id.*

In *Franklin v. Winn Dixie Raleigh, Inc.*, 117 N.C. App. 28, 450 S.E.2d 24 (1994), *aff'd*, 342 N.C. 404, 464 S.E.2d 46 (1995), the plaintiffs had named "Winn Dixie Stores, Inc." as the party-defendant in their original complaint, and sought to amend the complaint to name the proper defendant, "Winn Dixie Raleigh, Inc." *Id.* at 38, 450 S.E.2d at 30. The original complaint was filed on the last date on which the plaintiffs could file a timely claim. *Id.* The plaintiffs argued that the amendment, filed over seven months later, merely corrected the name of a party already in court, and should therefore relate back to the date of the original complaint. *Id.* The trial court disagreed and this Court affirmed, finding that the failure to name the proper defendant was not the result of a misnomer and therefore declining to allow the amendment to relate back to the original complaint. *Id.* at 39-40, 450 S.E.2d at 31. While our decision in *Franklin* was filed prior to our Supreme Court's *Crossman* decision and was based upon a distinctly different legal analysis, our Supreme Court later affirmed this Court's *Franklin* decision on the basis of the holding in *Crossman*. *See Franklin v. Winn Dixie Raleigh, Inc.*, 342 N.C. 404, 464 S.E.2d 46 (1995).

We conclude that the plaintiffs' attempt to amend the summons and complaint in the instant case by changing the name of the party-defendant to Hertford County in place of the Board of Commissioners effectively seeks to add a new party-defendant rather than

merely correct a misnomer, and the relation-back rule therefore cannot apply. As a result, the plaintiffs' suit against the county was time-barred under N.C. Gen. Stat. § 1-54.1, and the trial court should have granted the defendant's motion to dismiss. Since we conclude that the defendant was entitled to have this action dismissed under N.C.R. Civ. P. 12(b), we need not consider the correctness of the trial court's grant of summary judgment in favor of the defendant. Nonetheless, we note that the trial court's grant of summary judgment has the same practical effect of having granted the defendant's motion to dismiss. We therefore treat the defendant's motion for summary judgment as though it were a converted motion to dismiss. *See, e.g., North Carolina Steel, Inc. v. National Council on Compensation Ins.*, 123 N.C. App. 163, 472 S.E.2d 578 (1996), *aff'd in part and rev'd in part*, 347 N.C. 627, 496 S.E.2d 369 (1998). The trial court's 10 June 1999 order granting summary judgment to the defendant is therefore,

Affirmed.

Judges McGEE and TIMMONS-GOODSON concur.