TEDDY RAY BRYANT AND WIFE, OMA P. BRYANT v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

No. 8317SC387

(Filed 3 April 1984)

1. **Rules of Civil Procedure § 15.1— denial of motion to amend complaint—avoiding further delays**

   The trial court's denial of plaintiffs' motion to amend their complaint to allege an unfair trade practice was within the court's discretion to deny the amendment to avoid further delays in the trial where the case had already been continued at least once and the motion to amend was made just a few days before trial. G.S. 1A-1, Rule 15(a); G.S. 75-1.1.

2. **Insurance § 136— fire insurance—sufficient evidence to support jury award**

   In an action to recover under a fire insurance policy, the evidence was sufficient to support the jury award of $34,750 for damages to plaintiffs' home, although the lowest estimate by plaintiffs' witnesses of the value of the home was $44,750 and defendant insurer offered no evidence concerning the value of the home.

Bryant v. Nationwide Mut. Fire Ins. Co.

**3. Rules of Civil Procedure § 59— Rule 59 motion to set aside verdict—appellate review**

An order setting aside a verdict under G.S. 1A-1, Rule 59 as being against the greater weight of the evidence will not be disturbed upon appeal absent a showing of abuse of discretion. However, where the trial court grants the Rule 59 motion based on an issue of law, its decision may be fully reviewed on appeal.

**4. Insurance § 122— fire insurance—misrepresentations during investigation not material—policy not voided**

Misrepresentations made by the insureds during a fire loss investigation concerning their finances and marital status were not material misrepresentations within the purview of G.S. 58-176(c) so as to void their fire insurance policy.

APPEAL by plaintiffs from *Hairston, Judge.* Judgment entered 27 September 1982 in SURRY County Superior Court. Heard in the Court of Appeals 6 March 1984.

Defendant issued a contract in September, 1980, insuring plaintiffs' home and its contents. The policy coverage was increased in February, 1981 to $50,000.00 for the dwelling and $25,000.00 for personal property. On 14 April 1981, plaintiffs' home and its contents were destroyed by fire. Defendant denied coverage, alleging that plaintiffs deliberately set the fire and made material misrepresentations to defendant during the fire investigation. After trial, the jury found that plaintiffs did not set the fire, that they made no material misrepresentations and that plaintiffs were entitled to $34,750.00 in damages to the dwelling and $12,500.00 for damage to personal property. The trial court denied plaintiffs' motions for judgment notwithstanding the verdict, or, alternatively, a new trial on the issue of damage to the dwelling. The court then granted defendant's motion to set aside the verdict and for judgment notwithstanding the verdict on the issues of material misrepresentation and damages, and granted defendant's conditional motion for a new trial on the two issues.

From the order denying their motions, setting aside part of the jury verdict and awarding a conditional new trial, plaintiffs appealed.

*Gardner, Gardner, Johnson, Etringer and Donnelly, by Gus L. Donnelly, Sr., for plaintiffs.*

*Petree, Stockton, Robinson, Vaughn, Glaze and Maready, by W. T. Comerford, Jr. and G. Gray Wilson, for defendant.*

WELLS, Judge.

[1]   In their first assignment of error, plaintiffs contend that the trial court erred in denying their pre-trial motion to amend their complaint. Plaintiffs sought to allege a claim under N.C. Gen. Stat. § 75-1.1 (1981), North Carolina's unfair trade practice act, on the grounds that defendant forged a portion of plaintiffs' insurance application, then tried to deny coverage under the policy because of misrepresentations in the application. The trial court denied plaintiffs' motion to amend after defendant agreed to withdraw the portion of its defense based on misrepresentations in plaintiffs' insurance application.

A motion to amend under N.C. Gen. Stat. § 1A-1, Rule 15(a) of the Rules of Civil Procedure ". . . is addressed to the sound discretion of the trial judge and the denial of such motion is not reviewable absent a clear showing of an abuse of discretion." (Citations omitted) *United Leasing Corp. v. Miller*, 60 N.C. App. 40, 298 S.E. 2d 409 (1982), *pet. disc. rev. denied*, 308 N.C. 194, 302 S.E. 2d 248 (1983). A motion to amend may be properly denied where such change would result in ". . . (a) undue delay, (b) bad faith or dilatory tactics, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments." *Id.* In the case at bar, plaintiffs' case had already been continued at least once, and the motion to amend was made just a few days before trial. It was clearly within the trial court's discretion to deny the amendment to avoid further delays in the trial. Plaintiffs' first assignment of error is overruled.

In their second assignment of error, plaintiffs contend that the trial court erred in denying their motion for judgment notwithstanding the verdict as to damages to real property, or, alternatively, setting aside the verdict and allowing a new trial on that issue.

A motion for judgment notwithstanding the verdict, or judgment N.O.V., is in effect a directed verdict granted after the jury verdict. Shuford, *N.C. Civ. Prac. & Proc.* (2d ed. 1981) § 50-8. A motion for judgment N.O.V. ". . . shall be granted if it appears that the motion for directed verdict could properly have been granted." N.C. Gen. Stat. § 1A-1, Rule 50(b)(1) of the Rules of Civil Procedure. A motion for judgment N.O.V., like a motion for a directed verdict, raises the question whether there was suffi-

cient evidence to go to the jury, viewing all the evidence in the light most favorable to the nonmovant. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). On appeal, the appellate court may review the trial court's decision fully, determining the sufficiency of the evidence on the same standards applied by the trial judge. *Huff v. Thornton*, 23 N.C. App. 388, 209 S.E. 2d 401 (1974), *aff'd*, 287 N.C. 1, 213 S.E. 2d 198 (1975). A motion to set aside the verdict as against the greater weight of the evidence is permitted under Rule 59 of the Rules of Civil Procedure. A Rule 59 motion is addressed to the discretion of the trial court and will not be disturbed on appeal absent a showing of abuse. *Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977).

[2]   In support of their assignment of error, plaintiffs argue only that there was insufficient evidence to support the jury award of $34,750.00 for damages to plaintiffs' dwelling, and that, therefore, the trial court should have granted their motion for judgment N.O.V. This argument is more properly addressed to plaintiffs' motion to set aside the verdict under Rule 59. Plaintiffs' contention that the trial court erred in denying their motion for judgment N.O.V. is not properly supported by argument in their brief, and therefore that portion of their assignment of error is deemed abandoned, Rule 28(b)(5) of the Rules of Appellate Procedure. As to the Rule 59 motion, plaintiffs point out that the only evidence of damages to their house was the opinion testimony of two witnesses, estimating value of the dwelling just before the fire at $53,000.00 and $44,750.00, respectively. Defendant offered no evidence concerning the value of the dwelling. The only other evidence concerning the value of the dwelling was a stipulation that defendant paid $9,902.37 to the holder of plaintiffs' mortgage. Plaintiffs therefore contend that there was insufficient evidence to support the jury verdict of $34,750.00 in damages to the home, and that in fact the jury erroneously subtracted the amount of defendant's payment to plaintiffs' mortgagee from the amount of damages. While the lowest estimate of the value of plaintiffs' home was $44,750.00, the jury was nevertheless free to weigh the credibility of the witnesses and to reject all or part of the opinion testimony. *Hedgepeth v. Coleman*, 183 N.C. 309, 111 S.E. 517 (1922), Brandis, *North Carolina Evidence* § 126 (1982 & 1983 Supp.). It is mere speculation to assert that the jury arrived at the damage figure by subtracting the amount of defendant's pay-

ment to plaintiffs' mortgagee from the value of the dwelling. We hold, therefore, that the trial court did not abuse its discretion in refusing to set aside the damages verdict as against the greater weight of the evidence. Plaintiffs' second assignment of error is overruled.

[3] In their third assignment of error, plaintiffs contend that the trial court erred by allowing defendant's motions to set aside the verdict, for judgment N.O.V., and a conditional new trial as to the issues of misrepresentation and damages. As discussed under plaintiffs' second assignment of error, an order setting aside a verdict under Rule 59 will not be disturbed upon appeal, absent a showing of abuse of discretion. However, where the trial court grants the Rule 59 motion based on an issue of law, its decision may be fully reviewed on appeal. *In re Will of Herring,* 19 N.C. App. 357, 198 S.E. 2d 737 (1973). In the case at bar, the trial court granted defendant's Rule 59 motion because ". . . there were too many misrepresentations, and there's no question that they were material. . . ." The court's ruling regarding the effect of the misrepresentations on the insurance contract clearly involved an issue of law and is therefore fully reviewable on appeal.

The evidence in this case shows that members of the Stokes County Sheriff's Department and the State Bureau of Investigation began investigating the cause of the fire within hours after plaintiffs' home was destroyed. Roger Cranford, a fire investigator hired by defendant, also began an investigation within about a week of the fire, aided by the county and SBI reports. On 24 April 1981, Cranford asked plaintiff Teddy Bryant a number of questions concerning Bryant's financial condition. Bryant told Cranford that he was behind one payment on his mortgage and that his only other debts were ". . . just normal bills." At a deposition on 1 July 1981, Bryant revealed additional debts and judgments totalling $22,293.00. In May, 1982, after the present lawsuit was filed, Bryant revealed he owed an additional $3,000.00 or so in debts, bringing his total revealed obligations to about $26,000.00. At trial, defendant demonstrated the existence of another $2,000.00 in debts not previously revealed by Bryant. Bryant also indicated that at the time of the fire he was married to Oma Bryant, when, in fact, Bryant was still legally married to his first wife. Teddy and Oma Bryant, who had lived together for fifteen years prior to the fire, were later legally married.

Bryant v. Nationwide Mut. Fire Ins. Co.

It is an established principle of insurance law that a policy may be voided where an insured makes material misrepresentations to his insurer. The question whether a misrepresentation is material depends upon a number of factors, including when the misrepresentation is made, the terms of the insurance contract and applicable statutes, and the nature of the misrepresentation. A misrepresentation made in the insurance application is material if ". . . the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract and accepting the risk." *Willetts v. Insurance Corp.*, 45 N.C. App. 424, 263 S.E. 2d 300, *disc. rev. denied*, 300 N.C. 562, 270 S.E. 2d 116 (1980). In this case, however, defendant does not contend that plaintiffs concealed or misstated their financial condition in the insurance application, and therefore the misrepresentations could not have affected defendant's judgment in determining whether to accept the risk. *See generally* 7 *Couch on Insurance* 2d § 35:110 (1961 & 1983 Supp.), 45 C.J.S. *Insurance* §§ 487, 488 (1946 & 1979 Supp.).

[4] Defendant argues instead that plaintiffs' misstatements concerning their finances and marital status were made during the course of the fire investigation and thereby violated a disclosure clause in their insurance policy. The "disclosure clause," made mandatory in insurance contracts by the terms of N.C. Gen. Stat. § 58-176(c) (1982), provides that:

> This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

The question before us thus becomes whether plaintiffs' misrepresentations concerning their finances and marital status were material within the meaning of G.S. 58-176(c). Our research has failed to disclose any decision of our state courts determining whether information furnished after a loss regarding an insured's finances or marital status is material, nor does either party cite such a case. We turn, therefore, to an analogous area of law for guidance. Clauses requiring an insured to co-operate fully with an insurer during a loss investigation are commonly included in insurance contracts, and an insured's failure to comply may result

---

---

in avoidance of the policy. Our courts have held that a misrepresentation by an insured constitutes a breach of a co-operation clause only when the misrepresentation results in some actual detriment to the insured. *Henderson v. Ins. Co.*, 254 N.C. 329, 118 S.E. 2d 885 (1961), 44 Am. Jur. 2d *Insurance* § 1431 (1982 & 1983 Supp.), Annot. 13 A.L.R. 4th 837 (1982 and 1983 Supp.).

Applying this rule to the case before us, we hold that a misrepresentation during a loss investigation is material within the meaning of G.S. § 58-176(c) only when the misrepresentation prejudices the insurer. In this case, plaintiffs' misstatements did not prevent a prompt investigation of the fire by law enforcement officials and defendant's agents, nor did the statements concern the amount of the loss or the origin of the fire. We fail to see, therefore, how defendant was prejudiced by the inaccurate information given to defendant by plaintiffs. We hold that the trial court's order setting aside the jury's verdict and ordering a new trial was based upon a misapprehension of law. It is clear that there was sufficient evidence to support the jury's verdict and since it was error for the trial court to grant defendant's Rule 59 motion and for judgment N.O.V., there remains no sound reason to order a new trial.

The judgment of the trial court is reversed and this cause is remanded to the trial court with instructions that judgment for plaintiffs be entered on the jury's verdict.

Reversed and remanded.

Judges ARNOLD and BRASWELL concur.