H. K. MARTIN AND DOROTHY J. MARTIN v. HOUSTON HARE, D/B/A HOUSTON'S BOAT EQUIPMENT AND MOVING, AND DWAYNE CRAVENS

No. 8518SC322

(Filed 17 December 1985)

**1. Rules of Civil Procedure § 15— amendment to deny earlier admission—not allowed—no abuse of discretion**

The trial court did not abuse its discretion in an action for damages to a boat being hauled from the Ohio River to Lake Norman by refusing to allow defendant Hare to amend his answer and deny an earlier admission that defendant Cravens was transporting the houseboat as the agent, servant, and employee of defendant Hare and was acting within the scope of his agency. Granting the amendment almost two years and eight months after defendants' original answer, when the case was almost ready for trial, would have resulted in undue delay and prejudice to the plaintiffs. N.C.G.S. 1A-1, Rule 15(a).

**2. Evidence § 48.3— marine surveyor—opinion on overland transportation of boat—general objection—no error**

The trial court did not err in an action for damages to a boat being transported from the Ohio River to Lake Norman by admitting the testimony of an expert in marine surveying on the question of whether the boat was properly hauled. Defendants' general objection will not support exclusion of the testimony based on a lack of expertise under the facts of this case; moreover, the testimony would have been admissible under N.C.G.S. 8C-1, Rule 701 (1983), because it was rationally based on the witness's perception and it was helpful in determining a crucial fact in issue at trial.

**3. Bailment § 3.3— overland transportation of boat—prima facie case of bailment**

Plaintiffs established a prima facie case of bailment and the trial court was required to instruct on that issue in an action arising from the transportation of a boat from the Ohio River to Lake Norman where the boat was delivered to defendants; defendants accepted delivery and took possession of the boat when they placed it on a trailer and transported it to North Carolina; defendants maintained exclusive possession and control of the boat from the time they took delivery until the time they arrived at Lake Norman; and the evidence indicated that the boat was in a damaged condition when it was returned to plaintiffs. Personal delivery of the boat by plaintiffs to defendants was not required for a bailment to exist.

**4. Appeal and Error § 24— failure to object to erroneous instruction—not reviewable on appeal**

Defendants could not raise on appeal an alleged erroneous instruction where they did not object at trial. N.C. Rules of App. Procedure Rule 10(b)(2).

**5. Damages § 17.8— damages to boat—damage for loss of use—evidence insufficient**

The trial court did not err in an action for damages a houseboat suffered during its transfer from the Ohio River to Lake Norman by refusing to in-

struct the jury on loss of use damages. Although plaintiffs do not have to actually rent a substitute to recover loss of use damages for a pleasure vehicle, plaintiffs in this case failed to present sufficient evidence to prove loss of use damages.

APPEAL by defendant from *Washington, Judge*. Judgment entered 27 August 1984, *nunc pro tunc*, 23 August 1984, in Superior Court, GUILFORD County. Heard in the Court of Appeals 18 October 1985.

*Henson, Henson & Bayliss by Perry C. Henson, Jr., for plaintiff appellees.*

*Wyatt, Early, Harris, Wheeler & Hauser by A. Doyle Early, Jr., and Frederick G. Sawyer for defendant appellants.*

COZORT, Judge.

Plaintiffs sued for damages to their boat occurring during the defendants' hauling of the boat from the Ohio River to Lake Norman. The jury awarded $36,500 to the plaintiffs. Defendants appealed, alleging the improper admission of testimony regarding whether the boat was improperly hauled on the trailer, and assigning error to the trial court's jury instructions on bailment. On cross-appeal, the plaintiffs contend the trial court erred by refusing to give a requested instruction on loss of use damages. For reasons stated below, we find no error. The essential facts follow:

In May of 1981, plaintiffs purchased a 57-foot Carl Craft houseboat, named the "Ante-Up," for $53,500. The houseboat was docked on the Ohio River near Cincinnati, Ohio. The plaintiffs contracted with the defendant, Houston Hare, to have the boat hauled from Ohio to the Commodore Marina, located on Lake Norman, near Mooresville, North Carolina. Prior to purchasing the houseboat, the plaintiffs had Peer Krueger, a yacht broker, perform a marine survey of the boat. At trial, Krueger was admitted as an expert in the field of marine surveying. Krueger found the houseboat to be in above average condition and very well maintained. He noted no deficiencies in the houseboat.

On 21 May 1981, defendant Cravens, an employee of defendant Hare, loaded the boat onto a 42-foot-long trailer. The boat was loaded by backing the trailer in the water and driving the boat onto the trailer. The boat hung over the end of the trailer approx-

imately 15 feet. In spite of concerns about the 15-foot overhang, the defendants transported the boat 537 miles from Cincinnati to Lake Norman.

Upon arrival at Lake Norman, the owner of the Commodore Marina noticed some damage to the boat. Plaintiffs refused to accept delivery of the boat. The boat was placed on braces to keep any additional damage from occurring. Eventually, the boat was placed in the water at the marina.

Peer Krueger inspected the boat after its arrival while it was still on the trailer. Krueger noted severe cracks in the deck, parting of the aft section of the boat from the whole boat, and other substantial damage. Plaintiffs sent the boat to the manufacturer in Tennessee, who charged plaintiffs over $19,000 to repair the boat.

Plaintiffs alleged that the boat was damaged due to the negligence of the defendants in transporting the boat on a trailer too short for the purposes for which it was utilized. The defendants denied any negligence and counterclaimed for breach of contract because plaintiffs never paid defendants for transporting the boat. The jury returned a verdict in favor of plaintiffs and awarded damages in the amount of $36,500. On the defendants' counterclaim, the jury returned a verdict in favor of the plaintiffs, and awarded no damages to defendants.

The defendants present four assignments of error on appeal: (1) the trial court erred by denying defendants' motion to amend their answer; (2) the trial court erred in admitting the testimony of Peer Krueger that in his opinion the houseboat was improperly hauled; (3) the trial court erred in instructing the jury on bailment; and (4) the trial court improperly submitted a stipulated fact as an issue to the jury. By way of cross-appeal, the plaintiffs assert that the trial court erred by failing to give a requested instruction on loss of use damages. We overrule all assignments of error.

[1] Under Rule 15(a) of the North Carolina Rules of Civil Procedure, leave to amend a pleading shall be freely given except where the party objecting can show material prejudice by the granting of a motion to amend. *Roberts v. Memorial Park*, 281 N.C. 48, 56-57, 187 S.E. 2d 721, 725-26 (1972). A motion to amend is

directed to the discretion of the trial court. *Smith v. McRary*, 306 N.C. 664, 671, 295 S.E. 2d 444, 448 (1982). The exercise of the court's discretion is not reviewable absent a clear showing of abuse. *Id. See also Garage v. Holston*, 40 N.C. App. 400, 253 S.E. 2d 7 (1979).

Defendants sought to amend their answer and deny an earlier admission. In their original answer, defendant Hare admitted that defendant Cravens was transporting the houseboat as the agent, servant, and employee of the defendant Hare and was acting within the scope of his agency. In the proposed amendment, filed almost two years and eight months after the original answer was filed, defendants sought to deny any employee, servant, or agency relationship between Hare and Cravens. The trial court summarily denied the amendment stating no reasons for the denial.

The failure of the trial court to state specific reasons for denial of the motion to amend does not preclude this Court from examining the reasons for denial. *Kinnard v. Mecklenburg Fair*, 46 N.C. App. 725, 266 S.E. 2d 14, *aff'd*, 301 N.C. 522, 271 S.E. 2d 909 (1980). "In the absence of any declared reason for the denial of leave to amend, this Court may examine any apparent reasons for such denial." *United Leasing Corp. v. Miller*, 60 N.C. App. 40, 42-43, 298 S.E. 2d 409, 411 (1982), *pet. disc. rev. denied*, 308 N.C. 194, 302 S.E. 2d 248 (1983). Reasons justifying denial of an amendment are (a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments. *Id.* at 42-43, 298 S.E. 2d at 411-12; *Bryant v. Nationwide Mutual Fire Ins. Co.*, 67 N.C. App. 616, 618, 313 S.E. 2d 803, 806 (1984), *modified on other grounds*, 313 N.C. 362, 329 S.E. 2d 333 (1985).

Under the facts of this case denial of defendants' motion to amend was not an abuse of discretion. At the time the amendment was filed, this case was almost ready for trial. The granting of the amendment almost two years and eight months after defendants' original answer would have resulted in undue delay and prejudice to the plaintiffs. Defendants have not carried their burden of proving that the trial court abused its discretion in denying defendants' motion to amend.

[2]  Defendants' second assignment of error concerns the admission of Peer Krueger's opinion testimony on whether the boat was properly hauled. The substance of the testimony is the following:

Q. Did you see the boat on the trailer?

A. Yes, I did.

Q. Do you have an opinion satisfactory to yourself, as to whether the manner in which that boat was transported on that trailer was proper?

[DEFENDANTS' COUNSEL]: Objection.

COURT: Overruled. Subject to cross examination.

* * * *

Q. Do you have an opinion?

A. As to what?

Q. As to whether the manner in which that boat was hauled was proper?

A. Definitely not.

Defendant challenges Krueger's testimony arguing that Krueger could not give such testimony because the substance upon which he based his testimony concerning the loading of the boat was beyond the scope of the areas in which he was an expert. At trial, however, defendants raised only a general objection. It is well established that,

> "A party cannot be silent while a witness is testifying, as a qualified expert, to matters of opinion which are material to the controversy, and, after he has so testified, object generally to some question which may be afterwards asked him, and then make the point as to his competency for the first time in this Court. If the objection had been made in apt time, we have no doubt the judge below would have instituted the proper inquiry and found the facts as to the competency of the witness to testify as an expert, and those facts and his ruling thereon would have appeared in the case. This objection is untenable."

*Dept. of Transportation v. McDarris,* 62 N.C. App. 55, 59, 302 S.E. 2d 277, 279 (1983), *quoting Summerlin v. Railroad,* 133 N.C. 550, 558, 45 S.E. 898, 901 (1903). Where the record demonstrates that the witness could properly be found to be an expert, it is assumed that the trial court found him to be an expert. *Id.* Under the facts of this case defendants' general objection will not support exclusion of Krueger's testimony based on the claim of lack of expertise in the area of marine hauling.

Furthermore, Krueger's testimony would have been admissible under Rule 701 of the North Carolina Rules of Evidence, which provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

G.S. 8C-1, Rule 701 (1983). The testimony in question fully meets the requirements set forth in Rule 701. Krueger's testimony was rationally based on his own perception of the boat in its undamaged condition prior to being loaded on the trailer and its damaged condition while still on the trailer after hauling, and it was helpful in determining a crucial fact in issue at the trial. The defendants' assignment of error is overruled.

[3] Defendants' third assignment of error addresses whether the plaintiffs established a *prima facie* case of bailment thus requiring the trial court to give an instruction on that issue. A *prima facie* case of negligent bailment is made out where the bailor offers evidence tending to show (1) the property was delivered to the bailee, (2) the bailee accepted it and therefore had possession and control of the property, and (3) the bailee failed to return the property, or returned it in a damaged condition. *Clott v. Greyhound Lines, Inc.,* 278 N.C. 378, 388-89, 180 S.E. 2d 102, 110 (1971). The facts of this case clearly establish a *prima facie* case of bailment. The property was delivered to defendants, the bailees, who accepted delivery and took possession of the boat when they placed it on their trailer and transported it to North Carolina. The defendants maintained exclusive possession and control of the boat from the time they took delivery until the time they ar-

rived at Lake Norman. When the boat was returned to plaintiffs, the evidence indicated it was in a damaged condition. All the elements of negligent bailment were proven. The trial court correctly instructed the jury on the issue of bailment.

Defendants contend that no bailment existed because plaintiffs did not personally deliver the boat to them, and thus they could not have been in exclusive possession of the boat. We find this argument unpersuasive. Personal delivery by plaintiffs is not required for a bailment to exist.

[4] Defendants' final assignment of error challenges the judge's instruction to the jury concerning the question of whether a contract existed between the parties where the parties had stipulated in a pretrial order that there was a contract. Defendants did not object at trial to the portion of the instruction which they now bring forth on appeal. Rule 10(b)(2) of the Rules of Appellate Procedure states:

> No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury . . . .

The failure of defendants to object at trial to the alleged erroneous instruction precludes the defendants from bringing the assignment of error on appeal. *State v. Oliver*, 309 N.C. 326, 334, 307 S.E. 2d 304, 311 (1983).

[5] By way of cross-appeal the plaintiffs contend that the trial court erred in failing to give a requested instruction on loss of use damages. Plaintiffs assert that the evidence adduced at trial supported a loss of use instruction. In order to establish loss of use the plaintiffs must specifically plead loss of use and then present sufficient evidence to prove the loss. *Gillespie v. Draughn*, 54 N.C. App. 413, 417, 283 S.E. 2d 548, 552 (1981), *cert. denied*, 304 N.C. 726, 288 S.E. 2d 805 (1982). *See also Roberts v. Freight Carriers*, 273 N.C. 600, 606, 160 S.E. 2d 712, 717 (1968); *Ling v. Bell*, 23 N.C. App. 10, 12-13, 207 S.E. 2d 789, 791 (1974).

A loss of use recovery is generally allowed as to pleasure vehicles as well as business vehicles. D. Dobbs, *Remedies*, 384

(1976). Even though loss of use is allowed for pleasure vehicles, some courts have denied recovery unless an actual substitute is obtained. *Id.* We decline to hold that plaintiffs must actually rent a substitute to recover for loss of use damages of a pleasure vehicle. Reviewing the evidence in this case, we find that the plaintiffs have failed to present sufficient evidence to prove loss of use damages. The boat was out of use for five weeks, but plaintiffs still went to Lake Norman. The plaintiffs also owned another houseboat when they bought the "Ante-Up." Finally, it is unclear from the record whether the jury ever heard any evidence of the rental value of a similar houseboat. Because the plaintiffs failed to offer adequate proof of loss of use damages, the trial court did not err in denying plaintiffs' requested instruction for such damages.

Having examined all assignments of error, we find no error.

No error.

Judges WHICHARD and EAGLES concur.