An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1392
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

JAMES ARTHUR BRADLEY, III,
    Plaintiff

v.

Nash County
No. 12 CVS 1638

JOHN DOE and CSX TRANSPORTATION, INC.,
    Defendants


Appeal by plaintiff from order entered 5 September 2013 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 9 April 2014.

> *The Moody Law Firm, Inc., by Claude W. Anderson, Jr., for Plaintiff.*
>
> *Poyner Spruill LLP, by Timothy W. Wilson and Karen H. Chapman, for unnamed Defendants North Carolina Farm Bureau Insurance Agency, Inc. and North Carolina Farm Bureau Mutual Insurance Company, Inc.*


ERVIN, Judge.


Plaintiff James Arthur Bradley, III, appeals from an order granting a motion for summary judgment filed by Defendant North Carolina Farm Bureau Insurance Agency, Inc., and a motion to dismiss filed by Defendant North Carolina Farm Bureau Mutual Insurance Company, Inc., and denying Plaintiff's motion to amend

the summons issued and the complaint filed in this case so as to correctly name the carrier that provided him with uninsured motorists coverage. On appeal, Plaintiff argues that the trial court erred by denying his amendment motion and granting Farm Bureau Mutual Insurance's dismissal motion on the grounds that the naming of Farm Bureau Insurance Agency as the party defendant in the original summons and complaint reflected a simple misnomer that created no substantial risk of confusion concerning the identity of the entity against which he intended to bring suit. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

### A. Substantive Facts

On 21 November 2009, Plaintiff, an employee of CSX Transportation, Inc., was involved in an automobile accident while driving a company vehicle in the course and scope of his employment. As a result of the fact that he left the scene, the driver of the other vehicle involved in the accident was never identified. Plaintiff received injuries to his neck and back as a result of the accident and missed time from work. At the time of the accident, Plaintiff owned an automobile liability policy

issued by Farm Bureau Mutual Insurance Company,[1] which provided, among other things, coverage in the event that Plaintiff was injured as the result of the negligence of an uninsured motorist.

## B. Procedural History

On 11 October 2012, Plaintiff filed a complaint against the unknown other driver, whom he named "John Doe," and CSX. In his complaint, Plaintiff alleged that "[t]his Complaint is being served on North Carolina Farm Bureau Insurance Agency, Inc., which provides uninsured motorist coverage to Plaintiff[.]" As a result, Plaintiff obtained the issuance of a summons directed to "John Doe c/o H. Julian Philpott, Registered Agent, North Carolina Farm Bureau Insurance Agency, Inc.," with this summons and complaint having been served upon Mr. Philpott on 20 November 2012.[2]

---

[1]Old Republic Insurance Company, which provided automobile liability coverage to CSX and insured the CSX-owned vehicle that Plaintiff was operating at the time of the accident, did not provide uninsured motorists coverage that covered Plaintiff. Although Plaintiff served a summons and a copy of the complaint on Old Republic, he later voluntarily dismissed that claim and the claim that he had asserted against CSX.

[2]Mr. Philpott is the registered agent for both Farm Bureau Insurance Agency and Farm Bureau Mutual Insurance. According to the record, Farm Bureau Insurance Agency and Farm Bureau Mutual Insurance operate from the same location and are represented by the same legal counsel in this case.

On 19 December 2012, Farm Bureau Insurance Agency filed a responsive pleading in which it asserted, among other things, that "Farm Bureau Agency . . . did not issue any policy of insurance to Plaintiff and is a separate and distinct entity from North Carolina Farm Bureau Mutual Insurance Company, Inc.," so that "Farm Bureau Agency has no liability for any of Plaintiff's claims or causes of action[.]"  On 29 July 2013, Farm Bureau Insurance Agency filed a motion seeking the entry of summary judgment in its favor.  On 19 December 2012, Farm Bureau Mutual Insurance filed a responsive pleading in which it sought to have Plaintiff's complaint dismissed for lack of jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief could be granted.  On 12 August 2013, Plaintiff filed a motion to amend the original summons and complaint in which he sought to remove the references to Farm Bureau Insurance Agency and replace them with references to Farm Bureau Mutual Insurance.[3]

---

[3]According to Farm Bureau Mutual Insurance's brief, Plaintiff obtained the issuance of an alias and pluries summons directed to "John Doe c/o North Carolina Farm Bureau Mutual Ins. Co., Inc.," on 3 January 2013.  Although no such alias and pluries summons appears in the record on appeal, Plaintiff has not made any contention to the effect that the issuance of any such alias and pluries summons had the effect of keeping his claim against Farm Bureau Mutual Insurance alive.  As a result, we need not address any issue relating to the validity of or effect that should be given to this alias and pluries summons in our opinion in this case.  N.C. R. App. P. 28(a) (stating that

On 3 September 2013, the trial court held a hearing concerning the issues raised by Farm Bureau Insurance Agency's summary judgment motion, Farm Bureau Mutual Insurance's dismissal motion, and Plaintiff's amendment motion. On 5 September 2013, the trial court entered an order granting Farm Bureau Insurance Agency's summary judgment motion and Farm Bureau Mutual Insurance's dismissal motion and denying Plaintiff's amendment motion. Plaintiff noted an appeal to this Court from the trial court's order.

## II. Substantive Legal Analysis

In his brief, Plaintiff contends that the trial court erred by granting Farm Bureau Mutual Insurance's dismissal motion, and denying his motion to amend the summons and complaint. More specifically, Plaintiff contends that the naming of Farm Bureau Insurance Agency, rather than Farm Bureau Mutual Insurance, in the original summons and complaint constituted a simple misnomer that the trial court should have allowed him to correct and that there was no substantial possibility of any confusion concerning the identity of the entity against whom he intended to assert his uninsured motorists coverage claim given that the summons and complaint were served on the registered agent of the party that he intended to sue and given that the intended party

"[i]ssues not presented and discussed in a party's brief are deemed abandoned").

defendant and the entity that he actually named in his complaint and served with a summons shared the same address, registered agent, and legal representation.[4]  We do not find this argument persuasive.

## A. Plaintiff's Amendment Motion

"A motion to amend is addressed to the discretion of the court, and its decision thereon is not subject to review except in case of manifest abuse."  *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972).  Although "leave [to amend] shall be freely given when justice so requires," N.C. Gen. Stat. § 1A-1, Rule 15(a), a trial court is entitled to deny an amendment motion based upon "(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments."  *Martin v. Hare*, 78 N.C. App. 358, 361, 337 S.E.2d 632, 634 (1985) (citing *United Leasing Corp. v. Miller*, 60 N.C. App. 40, 42-43, 298 S.E.2d 409, 411-12 (1982), *disc. review denied*, 308 N.C. 194,

---

[4]Plaintiff has not argued in his brief that the trial court erred by granting Farm Bureau Insurance Agency's summary judgment motion.  Aside from the fact that "[i]ssues not presented in the appellant's brief, or in support of which no reason or argument is stated, will be taken as abandoned," N.C. R. App. P. 28(b)(6), the undisputed evidentiary materials contained in the record establish that Farm Bureau Insurance Agency "did not write or issue [Plaintiff's] policy, sell that policy to [Plaintiff], or have any other involvement whatsoever with [Plaintiff] or his policy."  As a result, we have no basis for disturbing the trial court's decision to grant summary judgment in favor of Farm Bureau Insurance Agency on appeal.

302 S.E.2d 248 (1983); *Bryant v. Nationwide Mut. Fire Ins. Co.*, 67 N.C. App. 616, 618, 313 S.E.2d 803, 806 (1984), *mod. on other grounds*, 313 N.C. 362, 329 S.E.2d 333 (1985)).  Thus, the trial court would have had ample justification for denying Plaintiff's amendment motion in the event that allowing Plaintiff to proceed against Farm Bureau Mutual Insurance would have been an exercise in futility.

According to well-established North Carolina law, Plaintiff's personal injury claim, including any claim asserted against a carrier providing uninsured motorists coverage, is subject to a three-year statute of limitations.  N.C. Gen. Stat. § 1-52(16); *Thomas v. Washington*, 136 N.C. App. 750, 754, 525 S.E.2d 839, 842 (stating that "this Court has recently made it clear that the three-year tort statute of limitations, which begins running on the date of an accident, also applies to the uninsured motorist carrier"), *disc. rev. denied*, 352 N.C. 598, 545 S.E.2d 223 (2000).  As a result, since the accident took place on 21 November 2009 and since Plaintiff made no attempt to name Farm Bureau Mutual Insurance as the entity which provided him with uninsured motorist coverage in his complaint or to serve a complaint containing such allegations upon Farm Bureau Mutual Insurance within three years after the date upon which he was injured, the claim that Plaintiff wished to assert against

Farm Bureau Mutual Insurance was subject to denial on futility-related grounds unless Plaintiff's proposed amendment to the summons and complaint related back to the date upon which Plaintiff filed the complaint and obtained the issuance of the summons that he now wishes to amend.

According to N.C. Gen. Stat. § 1A-1, Rule 15(c), "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." N.C. Gen. Stat. § 1A-1, Rule 15(c).

> When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. As a matter of course, the original claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed. We hold that this rule does not apply to the naming of a new party-defendant to the action. It is not authority for the relation back of a claim against a new party.

*Crossman v. Moore*, 341 N.C. 185, 187, 459 S.E.2d 715, 717 (1995). Both this Court and the Supreme Court have interpreted the decision in *Crossman* to "'mean that [N.C. Gen. Stat. § 1A-1,] Rule 15(c)[,] is not authority for the relation back of

claims against a new party, but may allow for the relation back of an amendment to correct a mere misnomer.'" *Liss v. Seamark Foods*, 147 N.C. App. 281, 283, 555 S.E.2d 365, 367 (2001) (quoting *Piland Hertford County Bd. Of Comm'rs*, 141 N.C. App. 293, 299, 539 S.E.2d 669, 673 (2000)); *see also State ex rel. Cooper v. Ridgeway Brands Mfg., LLC*, 362 N.C. 431, 438, 666 S.E.2d 107, 112 (2008) (stating that, "in *Crossman*[,] we explicitly barred the use of the relation-back doctrine to add a *new* party"). As a result, the ultimate issue raised by Plaintiff's challenge to the denial of his amendment motion is whether the allowance of that motion would have resulted in the correction of a misnomer or the addition of a new party defendant.

An issue indistinguishable from the one before us in this case was addressed in *Franklin v. Winn Dixie Raleigh, Inc.*, 117 N.C. App. 28, 450 S.E.2d 24 (1994), *aff'd*, 342 N.C. 404, 464 S.E.2d 46 (1995), in which the plaintiff sought to assert a personal injury claim after falling in a Winn-Dixie store located in Raleigh. The plaintiff's original complaint, which was filed the day before the statute of limitations ran, designated "Winn Dixie Stores, Inc." as the defendant. *Id.* at 38, 450 S.E.2d at 30. Subsequently, the plaintiff learned that the store in question was actually owned by "Winn-Dixie Raleigh,

Inc.," rather than "Winn-Dixie Stores, Inc." *Id.* at 32, 450 S.E.2d at 27. Upon making this discovery, the plaintiff sought leave to amend his complaint so as to designate "Winn-Dixie Raleigh, Inc.," rather than "Winn-Dixie Stores, Inc.," as the defendant, claiming that the proposed amendment was intended to correct a simple misnomer in the manner in which he had identified the defendant. *Id.* On appeal, however, this Court determined that "Winn-Dixie Stores, Inc. and Winn-Dixie Raleigh, Inc. . . . ha[d] been and were separate and distinct corporations at the time the cause of action accrued," so that the proposed amendment added a new party rather than simply correcting a misnomer. *Id.* at 34-35, 450 S.E.2d at 28. As a result, given that "'Winn Dixie Stores, Inc.,' was the correct name of the wrong corporate party defendant, a substantive mistake which is fatal to this action," we held that the plaintiff's amended complaint did not relate back to the filing of the original complaint, that the applicable statute of limitations barred the plaintiff's claims, and that, "[q]uite simply, plaintiffs [had] sued the wrong corporation." *Id.* at 35, 450 S.E.2d at 28.

In light of the reasoning that we utilized in *Franklin*, we are compelled to reach the same result in the present case. The effect of our decision in *Franklin* is the adoption of a rule

that, if a litigant files suit against a corporate entity that actually exists, an attempt to amend a complaint to name a different corporate entity as the defendant constitutes an attempt to add a new defendant rather than the correction of a misnomer. As the undisputed information contained in Mr. Philpott's affidavit reflects, Farm Bureau Insurance Agency and Farm Bureau Mutual Insurance both exist and are distinct corporate entities. For that reason, like the situation addressed in *Franklin*, Plaintiff's amendment motion amounted to an effort to add a new party to this case rather than to correct a misnomer, a fact that rendered the proposed amendment futile and fully justified the trial court's decision to deny Plaintiff's amendment motion.

In seeking to persuade us to reach a contrary result, Plaintiff places principal reliance upon our decision in *Liss*, in which we held that the plaintiff's motion to amend his complaint to name "Seamark Enterprises, Inc.," rather than "Seamark Foods," as the defendant amounted to the correction of a simple misnomer, so that the amendment in question related back to the filing of the original complaint. *Liss*, 147 N.C. App. at 286, 555 S.E.2d at 369. Unfortunately for Plaintiff, the situation at issue in *Liss*, in which the plaintiff brought suit against a defendant using an incorrect corporate name, and

the situation at issue in this case, in which Plaintiff brought suit against a legal entity that actually existed, are simply not the same. As we have already noted, Plaintiff simply brought suit against the wrong corporation in this case, thereby making "a substantive mistake which is fatal to [his] action." *Franklin,* 117 N.C. App. at 35, 450 S.E.2d at 28. Similarly, Plaintiff's reliance upon *Pierce v. Johnson*, 154 N.C. App. 34, 571 S.E.2d 661 (2002), a wrongful death action arising from a motor vehicle accident in which we deemed the plaintiff's error in naming the decedent, rather than the personal representative, as the defendant in the summons and complaint constituted a misnomer that could be corrected by means of an amendment that related back to the date of the filing of the original complaint, is equally unavailing. Unlike the situation at issue in *Pierce*, in which the person intended to be named as a defendant and the person actually named as a defendant and served with the summons and complaint "[were] connected and dependent legal entities," *Pierce*, 154 N.C. App. at 40, 571 S.E.2d at 665, Plaintiff named and served a completely separate and distinct legal entity in his original summons and complaint in this case. **(R51)** As a result, neither *Liss* nor *Pierce* support an award of appellate relief in this instance.

Aside from his reliance upon decisions such as *Liss* and *Pierce*, Plaintiff argues that, even though he designated the wrong party defendant in the summons and complaint, his error did not create any substantial risk of confusion concerning the identity of the party against whom he intended to bring suit given that the summons and complaint were served on the registered agent of the entity that he intended to sue and that both the named defendant and the entity that he intended to sue had the same address, registered agent, and legal counsel. However, as we stated in *Wicker v. Holland*, 128 N.C. App. 524, 527, 495 S.E.2d 398, 400 (1998), the fact that the proper defendant had notice of the action and would not be prejudiced by the amendment is "irrelevant under *Crossman's* analysis of the limited reach of [N.C. Gen. Stat. § 1A-1,] Rule 15(c)." As a result, the fact that Farm Bureau Mutual Insurance may have had actual notice of the claim that Plaintiff intended to assert against it does not suffice to justify overturning the trial court's decision to deny his amendment motion. Thus, the trial court did not err by denying Plaintiff's motion to amend his summons and complaint so as to name Farm Bureau Mutual Insurance, rather than Farm Bureau Insurance Agency, as the carrier against whom Plaintiff intended to assert his uninsured motorists claim.

## B. Farm Bureau Mutual Insurance's Dismissal Motion

In his challenge to the allowance of Farm Bureau Mutual Insurance's dismissal motion, Plaintiff advances essentially the same arguments that he advanced in the course of challenging the denial of his motion to amend his summons and complaint. In light of the fact that the claim that Plaintiff sought to assert against Farm Bureau Mutual Insurance does not relate back to the filing of the original complaint and was time-barred when Plaintiff sought to advance it, we hold that the claim that Plaintiff sought to assert against Farm Bureau Mutual Insurance is barred by the applicable statute of limitations and that the trial court did not, for that reason, err by granting Farm Bureau Mutual Insurance's dismissal motion.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that none of Plaintiff's challenges to the trial court's order have merit. As a result, the trial court's order should, and hereby does, remain undisturbed.

AFFIRMED.

Judges GEER and STEPHENS concur.

Report per Rule 30(e).