TYSON, Judge.
 

 *2
 
 Chris Azar ("Appellant") appeals from the superior court's order granting the Town of Indian Trail Board of Adjustment's motion to dismiss Appellant's petition for judicial review of the Town of Indian Trail's denial of a special use permit. We affirm.
 

 I.
 
 Background
 

 Appellant owns a parcel of real property located within the jurisdictional limits of the Town of Indian Trail (the "Town"). Appellant has long intended to build town homes upon this property. Around 2003, the Town advised Appellant to petition to rezone his property from Light Industrial to Multi-Family, which was allowed. Subsequently, Appellant applied to the Town for and was granted a special use permit for a multi-family housing project in 2004. The special use permit was renewed in 2006 and again in 2012.
 

 In 2016, Appellant requested another renewal of the special use permit. The Town's Board of Adjustment conducted a hearing on 27 October 2016 to decide whether to grant Appellant's renewal request. The Town's Board of Adjustment denied Appellant's request to renew his special use permit. The Board of Adjustment voted on four factors specified in the town zoning ordinance to determine whether Appellant's special use permit request should be granted.
 

 On the first factor of "Not Materially Endanger the Public Health or Safety[,]" "[t]he Board voted 5 to 0 that the proposed [special use permit] request would materially endanger the public health or safety." On the second factor of "Not Substantially Injure the Value of Adjoining or Abutting Property[,]" "[t]he Board voted 3 to 2 that the proposed [special use permit] request would substantially injure the value of adjoining or abutting property."
 

 On the third factor of "Be in Harmony With The Area In Which It Is To Be Located[,]" "[t]he Board voted 5 to 0 that the proposed [special use permit] request would be in harmony with the area in which it is to be located." On the fourth factor of "Be in General Conformity With The Town of Indian Trail Comprehensive Plan or Other Adopted Plans[,]" "[t]he Board voted 5 to 0 that the proposed [special use permit] request would be in general conformity with the Town of Indian Trail Comprehensive Plan or other adopted [plan]."
 

 Appellant received written notice of the Board of Adjustment's denial of his special
 
 *19
 
 use permit request on 15 December 2016. On
 
 *3
 
 5 January 2017, Appellant filed a petition for judicial review under writ of certiorari of the decision to deny the special use permit. Appellant's petition named the Board of Adjustment, but not the Town, as the respondent to the action. Appellant's petition stated that he was seeking judicial review pursuant to " N.C. G.S. 150B-45 [,]" which is the portion of the North Carolina Administrative Procedure Act statute providing for judicial review of administrative decisions of state agencies.
 
 See
 
 N.C. Gen. Stat. § 150B-1
 
 et seq.
 
 (2015).
 

 The Board of Adjustment moved to dismiss Appellant's petition pursuant to both Rules 12(b)(6) and 12(b)(7) of the North Carolina Rules of Civil Procedure, for the failure to state a claim upon which relief can be granted, and the failure to join a necessary party, respectively. N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 12(b)(7) (2015). The Board of Adjustment asserted the following bases in its motion to dismiss: (1) the superior court lacked jurisdiction to review Appellant's petition under N.C. Gen. Stat. § 150B-45, because that statute does not apply to local governmental units; (2) Appellant failed to name the Town as the respondent to the action pursuant to N.C. Gen. Stat. § 160A-393(e) (2015) ; and (3) Appellant failed to file a proper petition for writ of certiorari within 30 days of 15 December 2016 pursuant to N.C. Gen. Stat. §§ 160A-388(e2)(2) and -393 (2015).
 

 Appellant filed an amended petition for judicial review under writ of certiorari pursuant to N.C. Gen. Stat. § 160A-393 naming the Town as the respondent on 29 March 2017. Respondent Town asserts this later filed amended petition does not relate back to Appellant's initial petition.
 

 On 4 April 2017, the superior court granted the Town's motion to dismiss, and concluded that the "initial petition in this case failed to comply [with] N.C. Gen. Stat. § 160A-393, and his petition filed on March 29, 2017, was filed long after the 30-day limitation period for appealing such decisions." Appellant timely filed notice of appeal.
 

 II.
 
 Jurisdiction
 

 Jurisdiction lies in this Court from a final order of the superior court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2015).
 

 III.
 
 Standard of Review
 

 "This Court must conduct a
 
 de novo
 
 review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."
 
 Leary v. N.C. Forest Prods., Inc.
 
 ,
 
 157 N.C. App. 396
 
 , 400,
 
 580 S.E.2d 1
 
 , 4,
 
 aff'd per curiam
 
 ,
 
 357 N.C. 567
 
 ,
 
 597 S.E.2d 673
 
 (2003).
 

 *4
 
 Quasi-judicial decisions by a city's Board of Adjustment are "subject to review by the superior court by proceedings in the nature of certiorari pursuant to G.S. 160A-393." N.C. Gen. Stat. § 160A-388(e2)(2). N.C. Gen. Stat. § 160A-393(e) provides that "[t]he respondent named in the petition shall be the city whose decision-making board made the decision that is being appealed[.]"
 

 A party is a "necessary party" to an action when he or she "is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party."
 
 Booker v. Everhart
 
 ,
 
 294 N.C. 146
 
 , 156,
 
 240 S.E.2d 360
 
 , 365-66 (1978) (citations omitted). Dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(7) for failure to join a necessary party "is proper only when the defect cannot be cured[.]"
 
 Howell v. Fisher
 
 ,
 
 49 N.C. App. 488
 
 , 491,
 
 272 S.E.2d 19
 
 , 22 (1980) (citations omitted),
 
 disc. review denied
 
 ,
 
 302 N.C. 218
 
 ,
 
 277 S.E.2d 69
 
 (1981).
 

 IV.
 
 Analysis
 

 A.
 
 Dismissal
 

 The trial court dismissed Appellant's amended petition for judicial review for his failure to state a claim for which relief can be granted under Rule 12(b)(6) and for Appellant's failure to join the Town, as opposed to the Town's Board of Adjustment, as a necessary party in his original petition under Rule 12(b)(7).
 

 *20
 
 The statutes pertinent to Appellant's petition for review of the Board's decision in this case provide as follows:
 

 Every quasi-judicial decision shall be subject to review by the superior court by proceedings in the nature of certiorari pursuant to G.S. 160A-393.
 
 A petition for review shall be filed with the clerk of superior court by the later of 30 days after the decision is effective or after a written copy thereof is given
 
 in accordance with subdivision (1) of this subsection. When first-class mail is used to deliver notice, three days shall be added to the time to file the petition.
 

 N.C. Gen. Stat. § 160A-388(e2)(2) (emphasis supplied).
 

 The respondent named in the petition shall be the city whose decision-making board made the decision that is being appealed
 
 , except that if the petitioner is a city that has filed a petition pursuant to subdivision (4) of
 
 *5
 
 subsection (d) of this section, then the respondent shall be the decision-making board. If the petitioner is not the applicant before the decision-making board whose decision is being appealed, the petitioner shall also name that applicant as a respondent. Any petitioner may name as a respondent any person with an ownership or leasehold interest in the property that is the subject of the decision being appealed who participated in the hearing, or was an applicant, before the decision-making board.
 

 N.C. Gen. Stat. § 160A-393(e) (emphasis supplied).
 

 B.
 
 Failure to Name the Town in the Original Petition
 

 N.C. Gen. Stat. § 160A-393(e) plainly requires the Town, and not the Town's Board of Adjustment, to be named as the respondent in the petition for judicial review.
 

 Id.
 

 Appellant originally named "The Town of Indian Trail Board of Adjustment" as the respondent in his original petition. Defendant subsequently named "Town of Indian Trail" as the respondent in his amended petition.
 

 It is undisputed Appellant filed his original petition on 5 January 2017, within 30 days of the Board's provision of written notice to him of its denial of his special-use permit on 15 December 2016. Appellant did not seek to amend his petition to name the Town as respondent, and not the Town's Board of Adjustment, until 29 March 2017, after the Board of Adjustment's motion to dismiss was filed, and nearly three and a half months after Appellant received written notice of the Board's decision.
 

 Appellant cites
 
 MYC Klepper/Brandon Knolls L.L.C. v. The Board of Adjust. for City of Asheville
 
 and argues the Town has been properly joined as a party to the suit, in order to reverse the superior court's dismissal.
 
 238 N.C. App. 432
 
 ,
 
 767 S.E.2d 668
 
 (2014). In
 
 MYC Klepper
 
 , the petitioner was a billboard sign owner, who had filed a petition for writ of certiorari, seeking review of the Asheville Board of Adjustment's decision to uphold a notice of violation regarding a billboard sign the petitioner owned.
 
 Id
 
 . at 433-35,
 
 767 S.E.2d at 669-71
 
 . The petitioner named the "Board of Adjustment for the City of Asheville," not the "City of Asheville," as is required by N.C. Gen. Stat. § 160A-393(e).
 
 Id
 
 . at 436,
 
 767 S.E.2d at
 
 671 ;
 
 see
 
 N.C. Gen. Stat. § 160A-393(e) ("The respondent named in the petition shall be the city whose decision-making board made the decision that is being appealed[.]").
 

 On appeal, this Court stated that the "defect" to name the City amounted to a failure to join a necessary party.
 

 Id.
 

 "[T]he City was on
 
 *6
 
 notice of this action and participated in the defense thereof[,]" and "the City's participation in the proceedings cured the defect in the petition[.]"
 
 Id
 
 . at 437,
 
 767 S.E.2d at 671
 
 . The Court held, in part, "[b]ecause the City's participation in the proceedings cured the defect in the petition, we hold that the trial court did not err in denying the Board's motion to dismiss the petition."
 

 Id.
 

 Unlike the City of Asheville in
 
 MYC Klepper
 
 , the Town has not participated in the hearings of this action to waive Appellant's failure to join them as a necessary party.
 
 See
 
 Id.
 

 There has not been a hearing in the superior court to review the Town's zoning decision, only a hearing on the Board of Adjustment's motion to dismiss, which the Town did not participate in. Although the Town filed a motion for an extension of time
 
 *21
 
 to respond to Appellant's initial petition, this action does not waive the defense of failure to join a necessary party.
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 12(b) ("Obtaining an extension of time within which to answer or otherwise plead shall not constitute a waiver of any defense herein set forth.")
 

 C.
 
 Relation Back
 

 Under the present facts, Appellant must show the amended petition naming the Town relates back to the filing of his initial petition, in order for his amended petition not to be barred under the 30-day period for filing petitions for judicial review of quasi-judicial zoning decisions.
 
 See
 
 N.C. Gen. Stat. § 160A-393(e). Appellant argues the amended petition should relate back to his original petition under Rule 15 of our Rules of Civil Procedure, and be deemed timely filed. We disagree. The relation back rule "does not apply to the naming of a new party-defendant to the action."
 
 Crossman v. Moore
 
 ,
 
 341 N.C. 185
 
 , 187,
 
 459 S.E.2d 715
 
 , 717 (1995).
 

 In this case, Appellant named the Board of Adjustment for the Town of Indian Trail as respondent instead of naming the Town, as is required by N.C. Gen. Stat. § 160A-393(e). The real party-in-interest in this case is the Town, not the Board of Adjustment.
 
 See
 
 N.C. Gen. Stat. § 160A-393(e). The question becomes whether the defect in the original petition of naming the Board as the respondent, instead of the Town, was sufficient to bar Appellant's petition and support the Town's motion to dismiss, or whether the defect was merely technical in nature and subject to remedy under the relation back rule.
 

 Appellant filed his amended petition naming the Town as the respondent on 29 March 2017, two and a half months late, and well outside the
 
 *7
 
 30-day limitations period for filing petitions for judicial review of zoning decisions of towns. N.C. Gen. Stat. § 160A-388(e2)(2).
 

 Id.
 

 Here, the Board is a different party from the Town. According to our precedents, Appellant's amended petition does not relate back to his original filing.
 
 Piland v. Hertford Cty. Bd. of Comm'rs.,
 

 141 N.C. App. 293
 
 , 301-02,
 
 539 S.E.2d 669
 
 , 674 (2000). In
 
 Piland
 
 , a factually similar case to
 
 MYC Klepper
 
 , the Hertford County Board of Commissioners argued the trial court had erred in denying its motion to dismiss pursuant to N.C. Rules of Civil Procedure 12(b)(1), (2), (4), (6) and (7).
 
 Id.
 
 at 294-95,
 
 539 S.E.2d at 670
 
 . The Commissioners contended that the plaintiffs had failed to join the proper defendant, Hertford County, and that plaintiffs attempt to amend their complaint to name Hertford County was barred by
 
 N.C. Gen. Stat. § 1-54.1
 
 (1996), the two-month statute of limitations for challenging zoning decisions of a county.
 

 Id.
 

 at 295
 
 ,
 
 539 S.E.2d at 671
 
 .
 

 This Court recognized "the plaintiffs' attempt to amend the summons and complaint in the instant case by changing the name of the party-defendant to Hertford County in place of the Board of Commissioners effectively seeks to add a new party-defendant rather than merely correct a misnomer, and the relation-back rule therefore cannot apply[.]"
 
 Id.
 
 at 301-02,
 
 539 S.E.2d at 674
 
 . The Court held "the plaintiffs' suit against the county was time-barred under
 
 N.C. Gen. Stat. § 1-54.1
 
 , and the trial court should have granted the defendant's motion to dismiss.
 

 Id.
 

 at 302
 
 ,
 
 539 S.E.2d at
 
 674 ; N.C. Gen. Stat. § 1A-1, Rule 15(c).
 

 Appellant failed to join the Town as respondent in his initial petition, as is statutorily required by N.C. Gen. Stat. § 160A-393(e), and he filed the amended petition outside the 30-day limitations period provided by N.C. Gen. Stat. § 160A-388(e2)(2). Appellant's amended petition does not relate to his initial petition because it attempted to add the Town as a new party, outside the 30-day limitations period.
 
 See
 
 id.
 

 ;
 
 see also
 

 Crossman
 
 ,
 
 341 N.C. at 187
 
 ,
 
 459 S.E.2d at 717
 
 (holding that relation back rule "does not apply to the naming of a new party-defendant to the action").
 

 The Town has not waived Defendant's failure to name them as the respondent in his initial petition by participating in the hearing on the Board of Adjustment's motion to dismiss.
 
 See
 

 MYC Klepper
 
 ,
 
 238 N.C. App. at 437
 
 ,
 
 767 S.E.2d at 671
 
 (holding City of Asheville waived failure to be joined as a necessary party by participating in proceedings before superior court). As this defect in Appellant's
 
 *22
 
 initial petition was not and could not be cured by his amended petition under the relation back doctrine, the superior court properly granted the Board's motion to dismiss under Rule 12(b)(7).
 
 See
 

 *8
 

 Howell
 
 ,
 
 49 N.C. App. at 488, 491
 
 ,
 
 272 S.E.2d 19
 
 , 22 (holding dismissal for failure to join a necessary party is proper when the "defect cannot be cured.")
 

 D.
 
 Misnaming of Judicial Review Statute
 

 The Town also based its motion to dismiss upon Appellant's improperly seeking judicial review pursuant to N.C. Gen. Stat. § 150B-45, under the Administrative Procedure Act, and not under the proper statute, N.C. Gen. Stat. § 160A-393(e). Based upon our resolution of the issue that Appellant failed to correctly name or join the Town in his initial petition, it is unnecessary to, and we do not address the parties' remaining arguments concerning Appellant's original petition being brought under N.C. Gen. Stat. § 150B-45 instead of N.C. Gen. Stat. § 160A-393(e).
 

 V.
 
 Conclusion
 

 Appellant has failed to show any reversible error in the superior court's order. The superior court's grant of the Board's motion to dismiss for failure to join a necessary party is affirmed
 
 It is so ordered.
 

 AFFIRMED.
 

 Judge CALABRIA concurs.
 

 Judge DAVIS concurs in the result only.