IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-662

Filed 2 April 2024

Pitt County, No. 22-CVS-3360

HUNTER HAVEN FARMS, LLC, Petitioner,

v.

THE CITY OF GREENVILLE BOARD OF ADJUSTMENT and COASTAL PLAIN
SHOOTING ACADEMY, LLC, Respondents.

Appeal by Petitioner from order entered 20 March 2023 by Judge Jeffrey B.
Foster in Pitt County Superior Court. Heard in the Court of Appeals 10 January
2024.

> *Parker Poe Adams & Bernstein LLP, by Michael J. Crook, for
> Petitioner-Appellant.*
>
> *Ward and Smith, P.A., by Paul A. Fanning and Clinton H. Cogburn, for
> Respondent-Appellee.*

COLLINS, Judge.

Petitioner Hunter Haven Farms, LLC, appeals from a 20 March 2023 order
dismissing its petition for writ of certiorari for failure to name The City of Greenville
as a respondent as required by N.C. Gen. Stat. § 160D-1402(d). For the reasons stated
herein, we reverse.

## I. Background

Hunter Haven Farms, LLC ("Haven") owns and operates an educational horse

riding and training farm in Greenville, North Carolina. Coastal Plain Shooting Academy, LLC ("Coastal") purchased property next to Haven to construct an indoor firearm range on the property. Coastal sought a Special Use Permit ("Permit") from the City of Greenville Board of Adjustment ("Board") to build the indoor firearm range. When the Permit application came on for a public hearing before the Board, Haven opposed Coastal's application. The Board approved Coastal's application and granted the Permit.

Haven filed a petition for writ of certiorari ("Original Petition") on 16 December 2022 in Pitt County Superior Court, asking the court to review the granting of the Permit. Haven's Original Petition named as respondents "The City of Greenville Board of Adjustment and Coastal Plain Shooting Academy, LLC." The Original Petition stated, "The Writ of Certiorari should direct the City to prepare and certify to this Court the complete records of the [Board's] hearing . . . regarding [Coastal's] request for approval of a [Permit] to operate an indoor firearm range." That same day, the Pitt County Clerk of Superior Court issued a Writ of Certiorari which named as respondents "The City of Greenville Board of Adjustment and Coastal Plain Shooting Academy, LLC." The writ ordered the City to do the following:

> Respondent City of Greenville, North Carolina shall prepare and certify to this Superior Court the complete record of all of the Board of Adjustment's proceedings relating in any way to its Order Granting a Special Use Permit . . . .
>
> Respondent City of Greenville, North Carolina shall cause

a true copy of said records to be filed with the [Pitt] County Clerk of Superior Court within 60 days from and after service of a copy of this Writ of Certiorari and shall simultaneously serve a copy thereof on counsel for all parties and on any unrepresented parties.

The City was served with the Original Petition and the Writ of Certiorari on 5 January 2023.

On 25 January 2023, Coastal moved to dismiss the Original Petition under Rules 12(b)(6) and 12(b)(7) of the North Carolina Rules of Civil Procedure, specifically arguing that the Original Petition "failed to name The City of Greenville . . . as a Respondent" as required by N.C. Gen. Stat. § 160D-1402(d) and that the "City is a necessary party and indispensable party to this action." Haven filed an amended petition for writ of certiorari ("Amended Petition") on 10 February 2023 naming as respondents "The City of Greenville and Coastal Plain Shooting Academy, LLC."

The City complied with the Writ of Certiorari on 6 March 2023 by preparing, certifying, filing, and serving the record to the trial court and serving it on counsel for Haven and for the Board.[1] Coastal's motion to dismiss came on for hearing on 20 March 2023, and the trial court dismissed the Original Petition and Amended Petition with prejudice. Haven appealed to this Court.

## II. Discussion

Haven argues that the trial court erred by dismissing their Original Petition

---

[1] Donald K. Phillips was the assistant city attorney who represented both the City and the Board.

and by dismissing their Amended Petition.

This Court conducts "a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003) (italics omitted).

### A. Original Petition

Haven concedes that the case caption of the Original Petition erroneously named "The City of Greenville Board of Adjustment" instead of "The City of Greenville" as respondent but argues that the trial court erred by granting Coastal's motion to dismiss the Original Petition because the City's participation in the proceedings waived any procedural defect in the case caption in the Original Petition.

Pursuant to N.C. Gen. Stat. § 160D-1402, quasi-judicial decisions by a city's board of adjustment are subject to review by a superior court by proceedings in the nature of certiorari. N.C. Gen. Stat. § 160D-1402(a) (2023). Subsection (d) provides that "[t]he respondent named in the petition [for writ of certiorari] shall be the local government whose decision-making board made the decision that is being appealed . . . ." N.C. Gen. Stat. § 160D-1402(d) (2023). The petition for writ of certiorari must be filed "with the clerk of superior court by the later of 30 days after the decision is effective or after a written copy of it is given[.]" N.C. Gen. Stat. § 160D-1405(d) (2023). A petitioner's failure to name a necessary party in its petition for writ of certiorari is fatal unless the proper respondent participates in the proceeding. *See*

*MYC Klepper/Brandon Knolls L.L.C. v. Bd. of Adjustment for City of Asheville*, 238 N.C. App. 432, 767 S.E.2d 668 (2014); *see also Azar v. Town of Indian Trail Bd. of Adjustment*, 257 N.C. App. 1, 809 S.E.2d 17 (2017).

"Necessary parties must be joined in an action." *Bailey v. Handee Hugo's, Inc.*, 173 N.C. App. 723, 727-28, 620 S.E.2d 312, 316 (2005) (citation omitted). A necessary party is one "so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered . . . without his presence as a party." *Id.* at 728, 620 S.E.2d at 316 (citation omitted). North Carolina Rule of Civil Procedure 12(b)(7) sets forth the defense of failure to join all necessary parties in a proceeding. Dismissal of an action under Rule 12(b)(7) is "proper only when the defect cannot be cured[,]" such as when the statute of limitations has expired and "any attempt to add [the necessary] party would have been futile." *Id.*

In *MYC Klepper*, petitioner's failure to name the city as a respondent in its petition for certiorari was cured by the City of Asheville's notice of the action and participation in the defense of the local board's decision before the trial court. 238 N.C. App. at 436-37, 767 S.E.2d at 671. There, the petitioner filed a petition for writ of certiorari seeking review of a decision made by a local board of adjustment. *Id.* at 435, 767 S.E.2d at 671. The petitioner erroneously named as respondent the local board instead of the city. *Id.* at 436, 767 S.E.2d at 671. The local board moved to dismiss the petition for lack of subject matter jurisdiction. *Id.* The trial court granted the petition and held a hearing on the merits of the local board's decision and the

local board's motion to dismiss; the city participated in the hearing on the merits. *Id.* at 435-36, 767 S.E.2d at 671. The superior court affirmed the local board's decision but denied its motion to dismiss, finding that the city "was on notice of this action and participated in the defense thereof." *Id.* at 435-37, 767 S.E.2d at 671.

Addressing the local board's appeal of the denial of its motion to dismiss, this Court clarified that "[t]he defect in the petition in this case amounts to a failure to join a necessary party" and that "a failure to join a necessary party does not result in a lack of jurisdiction over the subject matter of the proceeding." *Id.* at 436, 767 S.E.2d at 671 (citations omitted). Accordingly, this Court held that the "petitioner's failure to name the City of Asheville as respondent in the petition did not deprive the trial court of subject matter jurisdiction over the proceedings." *Id.* at 436-37, 767 S.E.2d at 671. We further held that the trial court did not err by denying the local board's motion to dismiss "[b]ecause the City's participation in the proceedings cured the defect in the petition[.]" *Id.* at 437, 767 S.E.2d at 671.

On the other hand, in *Azar*, petitioner's failure to name the Town of Indian Trail as a respondent in its petition for writ of certiorari was not cured because the Town did not participate "in the hearings of [the] action[.]" 257 N.C. App. at 6, 809 S.E.2d at 20-21. There, the petitioner filed a petition for writ of certiorari seeking review of the local board of adjustment's denial of petitioner's request for a special use permit. *Id.* at 3, 809 S.E.2d at 19. The petitioner named as respondent the local board of adjustment instead of naming the Town. *Id.* The local board of adjustment

moved to dismiss the action for, *inter alia*, failure to join a necessary party. *Id.* The superior court granted the motion to dismiss, concluding that the petition failed to comply with the applicable statute. *Id.*

On appeal, this Court noted that there had not been a hearing in the superior court to review the Town's zoning decision, and that the Town did not participate in the hearing on the local board's motion to dismiss. *Id.* at 6, 809 S.E.2d at 20. Distinguishing *MYC Klepper*, we held that, "[u]nlike the City of Asheville in *MYC Klepper*, the Town has not participated in the hearings of this action to waive [the petitioner's] failure to join them as a necessary party." *Id.* (citation omitted).

The case before us falls in between *MYC Klepper* and *Azar*. As in *MYC Klepper*, the City here "was on notice of this action." 238 N.C. App. at 437, 767 S.E.2d at 671. The record shows that: (1) Donald K. Phillips, in his capacity as the City's attorney, filed the record of the Board's proceedings *on himself*, in his capacity as the Board's attorney; (2) the Writ of Certiorari directed the "Respondent City of Greenville . . . to prepare and certify" the record of the Board's proceedings; and (3) the City complied with the Writ of Certiorari.

Furthermore, while both *MYC Klepper* and *Azar* are silent as to whether the city or town, respectively, prepared, certified, filed, and served the record of the local board's proceedings on the parties, the City in this case received the Writ of Certiorari and complied with it by preparing, certifying, filing, and serving the record on the parties.

Additionally, while, as in *Azar*, there was no hearing in the superior court to review the merits of the Board's decision, as in *MYC Klepper*, the City did participate in the hearing before the trial court on Coastal's motion to dismiss. Attorney Emanuel McGirt initially introduced himself to the trial court as appearing "on behalf of the Greenville Board of Adjustment." However, later in the hearing when the trial court asked if anyone had any response to Haven's argument against Coastal's motion to dismiss, Mr. McGirt responded on the City's behalf:

> I'll just say briefly, Your Honor, again, as the [C]ity's attorney the [C]ity does not oppose Coastal's motion to dismiss. And I would say that the [C]ity did not participate in this matter besides complying with the petition in producing the record.

Because the City was on notice of this action; complied with the Writ of Certiorari by preparing, certifying, filing, and serving the record to the trial court and serving it on counsel for Haven, for Coastal, and for the Board (who was the same counsel as for the City); appeared at the hearing on the motion to dismiss; and participated in the hearing on the motion to dismiss, we hold that the City waived any procedural defect caused by Haven's failure to join the City as a necessary party, and the trial court erred by dismissing the Original Petition. As we determine that the City's participation in the proceedings waived any procedural defect in the case caption in the Original Petition, we need not address Haven's remaining arguments.

### III.  Conclusion

As the trial court erroneously determined that the City did not waive any

procedural defect caused by Haven's failure to join the City as a necessary party, the trial court erred by granting Coastal's motion to dismiss under Rule 12(b)(7). The order of the trial court is reversed, and the case is remanded for further proceedings.

REVERSED.

Judge THOMPSON concurs.

Judge HAMPSON concurs by separate opinion.

No. COA COA23-662 – *Hunter Haven Farms, LLC v. The City of Greenville Board of Adjustment*


HAMPSON, Judge, concurring.

I write separately to note that I do not believe a municipality's compliance with a Writ of Certiorari to conduct the ministerial task of compiling and submitting the record of proceedings before the Board of Adjustment to the trial court in compliance with the court's order, standing alone, would constitute participation in the proceedings sufficient to waive any defect in the pleading. Central to *MYC Klepper*, was the finding in that case the municipality was "on notice of this action and participated *in the defense thereof*." *MYC Klepper/Brandon Knolls L.L.C. v. Bd. of Adjustment for City of Asheville*, 238 N.C. App. 432, 437, 767 S.E.2d 668, 671 (2014).

In this case, though, the City's attorney—despite trying their best to limit their involvement on behalf of the City rather than the Board of Adjustment—illustrated the problem with wearing both hats. Unwittingly, by advocating for the City's non-opposition to the motion to dismiss, the attorney participated on behalf of the City in the defense of the case. This underscores that in situations where, and to the extent, a municipality and its Board of Adjustment are separate parties, strong consideration should be given to retaining or employing a separate counsel for the Board of Adjustment. Indeed, there are times when a Board of Adjustment might make decisions adverse to the municipality and at variance with municipal ordinances and require advice independent of that from an attorney representing the interests of the municipality and its governing board.